**WILLIAM B. MAY CO., INC., Plaintiff,**

v.

**David HYATT and Lillian L. Hyatt, Defendants.**

**No. 83 Civ. 2851(RO).**

United States District Court,
S.D. New York.

July 15, 1983.

Haas, Greenstein, Hauser, Cohen & Gerstein, New York City, for plaintiff; Noel W. Hauser, New York City, of counsel.

John L. Weichsel, New York City, for defendants.

## OPINION AND ORDER

OWEN, District Judge

This action was commenced in this, the Southern District of New York. Before me is the motion of defendants David and Lillian Hyatt to dismiss the complaint or, in the alternative, to quash service of process. The complaint alleges that defendants failed to pay a brokerage commission due plaintiff for the sale of defendants' cooperative apartment. It was served by certified mail on defendants at their home in California. Plaintiff asserts that such service was valid pursuant to a newly enacted provision of Fed.R.Civ.P. 4(c) which permits service by mail in most circumstances in which service could be effected by other means. In the alternative, plaintiff argues that defendants waived their objections to the manner of service when they returned a form acknowledging receipt of the mailed summons and complaint. For the reasons set forth hereafter, both these arguments are rejected and the motion to quash service is granted.

■ The legislative history of Fed.R. Civ.P. 4(c)2(C)(ii), which authorizes service by mail in federal litigation, makes it clear that this subsection is subject to the territorial restrictions imposed by Fed.R.Civ.P. 4(f).[1] As with all other methods of service, service by mail is prohibited beyond the borders of the state in which the action is brought unless such extraterritorial service is authorized "by a statute of the United States or by these rules." Plaintiff does not contend that any federal statute authorizes mail service on defendants in the instant action. Such service must therefore be authorized by one of the Federal Rules of Civil Procedure. The only possible authorization for extraterritorial service by mail is contained in Rule 4(e) which provides that:

> Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ... such service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

■ However, service here has no support under New York law. New York Civ. Prac.R. 308, which sets forward the five methods of effecting service upon individuals in New York, does not provide for service by mail. Therefore, defendants were not served "in the manner prescribed in the (state) statute or rule" *Merz v. Hemmerle,* 90 F.R.D. 566 (E.D.N.Y.1981).

■ Plaintiff next contends that by signing and returning the "Notice of Acknowledgement of Receipt of Summons and Complaint" defendants waived any objection to the manner of service. This form (Appendix A hereto) substantially duplicates a sample form appended to Rule 4(c)2(C)(ii)

---

1. See Cong.Rec. H9855 (daily ed. Dec. 15, 1982), reprinted at 96 F.R.D. 81, 128.

when it was passed by Congress. The language of form 18–A is, however, of such compelling tone that parties receiving it would feel required to complete and return it whether they believed—or even knew—that there was a valid objection to the manner of service or not. It requires the recipient of service by mail to acknowledge "under penalty of perjury" receipt of the summons and complaint. It also states that "if you do not complete and return the form to the sender within 20 days, you ... may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law." It is understandable that Congress would seek to require acknowledgement of the receipt of service by mail in cases for which it is authorized. However, the language developed for this purpose makes it inappropriate to treat mere return of the form as a waiver of any objections to the manner of service in cases for which such service is not authorized.

The motion to quash is accordingly granted.

## APPENDIX A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM B. MAY CO. INC.,

Plaintiff

—against—

DAVID HYATT and LILLIAN L. HYATT,

---

NOTICE OF ACKNOWLEDGMENT

OF RECEIPT OF

SUMMONS AND COMPLAINT

83   Civ.   2851 (RO)
Docket Number and
Judge's Initials

To: [insert name and address of party to be served]
    Lillian L. Hyatt
    209 Masonic Drive
    San Francisco, California
The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure.
   You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.
   You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.
   If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.
   If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
   I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on  April 13, 1983

_____          Arpil 18, 1983
         Signature                        _____
                                          Date of Signature

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and complaint in the above-captioned matter at [INSERT ADDRESS] _____
209 Masonic Ave. San Francisco, California 94118

*Lillian L. Hyatt*
Signature

May 2,1983
Date of Signature

Lillian L. Hyatt
Print Name

Relationship to Entity/Authority to Receive Service of Process

SDNY Form 18-A (rev. 4/83)