SDNY Form 18-A (rev. 4/83)

**SAN MIGUEL & COMPAÑIA, INC., Plaintiff,**

v.

**INTERNATIONAL HARVESTER EXPORT COMPANY, Defendant.**

Civ. No. 83-1242 (PG).

United States District Court, D. Puerto Rico.

July 19, 1983.

McConnell Valdés Kelley Sifre Griggs & Ruiz-Suria, San Juan, P.R., for plaintiff.

Antonio González Geigel, Hato Rey, P.R., for defendant.

OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Defendant has filed on June 30, 1983, a motion to quash service of process. On July 7, 1983, plaintiff filed its opposition thereto. Defendant contends that the congressional intent behind the recently amended Rule 4(c)(2)(C)(ii) [1] of the Federal Rules of Civil

---

1. Rule 4(c)(2)(C)(ii) states in pertinent part: (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

    *    *    *    *    *    *

  (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such

Procedure indicates that extraterritorial service of process by mail is allowed only if the state where the district court sits authorizes service by mail. Defendant contends that the proper means of effectuating service on a foreign defendant, according to the Puerto Rico Rules of Civil Procedure, is by publication.

The defendant believes that the new Rule 4(c)(2)(C)(ii) only contemplates mail service within the jurisdiction of the district court upon non-foreign defendants or foreign defendants who can be found within such territory. Had this not been the legislature intent behind the rule, defendant contends, Rule 4(e) would have been eliminated as a mere surplusage (see Rule 4(e) F.R.Civ.P.). The plaintiff alleges that Congress intended the mail process system to apply to individuals and entities described in Rule 4(d)(1) and (3) regardless of whether the state where the district court sits authorizes such service. Finally, plaintiff believes Rule 4(e) is not a mere surplusage but a mechanism whereby a defendant is to pay for the expenses of personal service if it fails to respond to mail service as per Rule 4(c)(2)(D).

The recently amended Rule 4 allows process to be served upon a defendant of any class referred to in Section (d)(1) or (d)(3) of the rule, pursuant to the law of the state where the district court is sitting or by mail. Section (d)(3) of Rule 4 states that a foreign corporation may be served by delivering a copy of the summons and complaint to an officer or any authorized agent to receive service of process. The clear language of that section limits service of process by mail to foreign corporations that have an "authorized agent" to receive service within the jurisdiction of the district court. Service of process is further limited by Rule 4(f) which sets the territorial limits of service within the jurisdiction of the district court unless otherwise authorized by a statute of the United States or by the rules of civil procedure. Absent a congressional provision for the nationwide service of process, when the defendant is a foreign corporation it must have an agent within the territorial limits of the state in which the court sits unless extrastate service can be made pursuant to a state rule. In the instant case service of process should have been made according to Rule 4.5 of the Puerto Rico Rules of Civil Procedure.

WHEREFORE, defendant's motion to quash is hereby GRANTED.

IT IS SO ORDERED.

summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).