Samuel S. EPSTEIN, et al., Plaintiffs,

v.

James S. WILDER, et al., Defendants.

No. 84 C 6293.

United States District Court,
N.D. Illinois, E.D.

Oct. 18, 1984.

John L. Rogers, Merle L. Rogers, Chicago, Ill., for plaintiffs.

No appearances for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This diversity action is before the court on the motions of all defendants to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), (2), (4), and (5) or to transfer pursuant to 28 U.S.C. § 1404.

### Subject Matter Jurisdiction

Defendants move to dismiss under 12(b)(1), "diversity of citizenship not having been alleged in the Complaint." (Defendants Motion to Quash and to Dismiss, 8–21–84, p. 2.) This claim, not raised once in the supporting memorandum or affidavits, borders on frivolous. The Complaint clearly alleges that jurisdiction is based on diversity (¶ 1), that plaintiff Environmental Toxicology, Inc. ("ETI") is an Ohio corporation, the address of which is in Chicago (¶ 2), and that plaintiff Samuel Epstein is an Illinois resident (¶ 3) and a professor at the University of Illinois Medical School (¶ 6). It further alleges that all defendants are citizens of Tennessee (¶ 4), and defendants' affidavits support this allegation. The amount in controversy is alleged to be in excess of $10,000, exclusive of interest and costs (¶ 1), and the allegations that defendants owe plaintiffs over $12,000 under their con-

tract supports this allegation (¶ 16). Defendants have submitted no facts tending to show these allegations are incomplete or incorrect or that diversity does not exist. The motion to dismiss for lack of diversity jurisdiction is therefore denied.

## Personal Jurisdiction

The Complaint names seven individuals as defendants, James S. Wilder, III, John S. Wilder, Sr., Sid Gilreath, T. Robert Hill, Jeffrey Garrety, George R. Fusner, Jr., and James Sanderson. It is alleged that plaintiffs were retained to prepare expert testimony in a case now pending in Tennessee. Money owed under this contract was allegedly not paid, and plaintiffs are now suing to recover those sums. Defendants present the court with affidavits generally showing that they are not residents of, and have few or no contacts with, Illinois.

 A district court has great procedural leeway in determining how to handle a motion to dismiss. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). It is generally acknowledged that, "[i]n the absence of a full-blown hearing on the merits, plaintiff need only make a *prima facie* showing that the court has jurisdiction under a long-arm statute." *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir.), *cert. denied*, 449 U.S. 920, 101 S.Ct. 319, 66 L.Ed.2d 148 (1980); *Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56, 58 (2d Cir.1981); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). Such a showing will not prevent a defendant from challenging the jurisdictional facts at trial or a pretrial evidentiary hearing, with plaintiff bearing the burden of demonstrating jurisdiction by a preponderance of the evidence. *Visual Sciences*, 660 F.2d at 58; *Marine Midland Bank*, 664 F.2d at 904. However, "until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Marine Midland Bank*, 644 F.2d at 904. Under this standard, plaintiffs are entitled to resolution in their favor of all factual disputes. *Neiman*, 619 F.2d at 1190.

Plaintiffs have clearly made a *prima facie* showing of jurisdiction over the persons of James S. Wilder, III, John S. Wilder, Sr., and Sid Gilreath. According to Epstein's affidavit, James Wilder contacted plaintiffs by phone to discuss a contract for their services as expert witnesses. (Epstein Aff. ¶ 2.) As a result of this conversation, Epstein agreed to review certain medical records and other documents, for which he was paid $1000. (*Id.* at ¶ 3 and Exhibit 1.) James Wilder sent payment and three packages of documents to Epstein at 880 North Lakeshore Drive, Chicago, IL 60611. (*Id.*) On or about May 4, 1980, James Wilder and John Wilder came to Chicago to negotiate a contract for the performance of additional consulting services, at which time they entered into an oral contract with plaintiffs. (*Id.* at ¶ 4.) After the May 4 conference, James Wilder and Sid Gilreath came to Chicago to meet with Epstein and discuss his consulting work on at least three occasions. (*Id.* at ¶ 5.) While in Chicago, Epstein had numerous phone conversations with defendants, and "sent and received numerous correspondence to and from various defendants concerning my consulting work." (*Id.* at ¶ 8.) Epstein received various payments from defendants in Chicago. (*Id.* at ¶ 11.) Evidence exists that these three defendants are partners in the prosecution of suit for which the expert services were retained. (*Id.* at ¶ 7.)

 Plaintiffs argue that jurisdiction over the defendants in this action is established under Ill.Rev.Stat., ch. 110, § 2–209(a)(1), which confers jurisdiction over a claim arising from the transaction of business in Illinois. By negotiating with Illinois residents, originally contacting these residents concerning provision of their services, sending payments and documents into the forum state, and visiting plaintiffs in Illinois in furtherance of the contract upon which the claim is based, these three defendants have purposefully availed themselves of the privilege of conducting business activities in the forum state. *See Nieman, supra; Sonnenschein Carlin Nath & Rosenthal v. Gregory*, No. 82 C 6960, slip op. (N.D.Ill. Jan. 20, 1984) (Marshall, J.). Defendants' claim that this ac-

tion should be joined with the Tennessee personal injury claim is frivolous and unsupported, and dismissal on this basis is denied.

■ Plaintiffs have not established a *prima facie* case for jurisdiction over the remaining defendants, however. Hill, Garrety, Fusner, and Sanderson are not even mentioned by name in the Complaint. All plaintiffs tell the court about these defendants' involvement in the case is as follows:

> During the period between May, 1980 and March, 1982, I became aware that defendants JAMES S. WILDER, JOHN WILDER, SR. and SID GILREATH had formed a partnership of plaintiffs' attorneys for the prosecution of the lawsuit against Velsicol Chemical Corporation. I became aware of this through conversations with certain defendants and that correspondence would be copied to other defendants. From time to time, I would copy various defendants herein with correspondence. Also, correspondence which I received made reference to "Mr. [James] Wilder's partners."

(Epstein Aff. ¶ 7.) There is no evidence whether these defendants are members of Wilder, Wilder & Johnson, the name on the letterhead of James Wilder's stationery (neither defendants nor plaintiffs identify the contacts Hill, Sanderson, Fusner, and Garrety had with the underlying lawsuit or the contract for plaintiffs' services). These defendants, in very short affidavits, assert that they are residents of and certified to practice law in Tennessee and that they are not residents of, nor licensed to practice law in, Illinois.

Defendants' generally unhelpful affidavits notwithstanding, plaintiffs' allegations and evidence simply do not establish a *prima facie* case that jurisdiction exists over the persons of Hill, Sanderson, Funser, or Garrety, either through their own actions or as parties to the contract or partners to the Wilders and Gilreath. These defendants' motions to dismiss under Rule 12(b)(1) are granted without prejudice. Plaintiffs may attempt to amend the complaint to add sufficient allegations against these defendants or to supplement the factual record, but on the present record, the court may not exercise personal jurisdiction over these defendants.

### Motion to Quash

Defendants claim they were improperly served and that summons was improper. Fed.R.Civ.P. 12(b)(4) & (5). According to defendants, they should have been notified that, as out of state defendants, they had thirty (30) days to appear and defend this action. Instead, they were told they had twenty (20) days. (Defendants' Memorandum in Support, 8–21–84, p. 4.) Defendants also claim that as out of state defendants, they were entitled to personal or publication service. However, in their affidavits, defendants claim they received service by registered mail. (James Wilder Aff., 8–15–84, receipt by registered mail 7–28–84; John Wilder Aff., 8–20–84, receipt by registered mail 7–27–84; Robert Hill Aff., 8–14–84, receipt by registered mail 7–27–84; Jeffrey Garrety Aff., 8–15–84, receipt by registered mail 7–31–84; James Sanderson Aff., 8–14–84, receipt by registered mail 7–27–84; George Fusner Aff., 8–14–84, receipt by registered mail 7–30–84; Sid Gilreath Aff., 8–15–84 ¶ 5, receipt by registered mail 7–27–84.) Defendants cite no authority for their proposition that mail service is insufficient.

Plaintiffs do not respond to defendants' claim that process was insufficient by virtue of stating a 20-day period in which to appear. They do argue that mail service was proper for effecting service under the Federal Rules. As support, they simply cite Rule 4(c)(2)(C)(ii), without any analysis of the rule or citation of case law.

Defendants have not claimed that were Rule 4(c)(2)(C)(ii) applicable to them, service was still improper because of failure to follow the procedures set forth therein. The court notes that the file in this case contains return receipts. Defendants have waived any claim that 4(c)(2)(C)(ii) was not followed.

■ The court's own research reveals that the use of 4(c)(2)(C)(ii) for extraterritorial service is in dispute. Under Rule 4(c)(2)(C), service may be accomplished on individuals in accordance with Illinois law or mail service, as well as provided by

4(d)(1). Rule 4(e) provides for service on persons not inhabitants of the forum state. Under 4(e), when a federal statute allows extraterritorial service, service may be accomplished as provided in that statute or in the federal rules (which would include 4(c)(2)(C)(ii).) When a state statute provides for extraterritorial service, the state's procedures may be followed. *Green v. Carlson*, 581 F.2d 669, 676 (7th Cir.1978), *aff'd*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (4(d)(1) "inapplicable" to out of state service).

In this case, there is no federal statute providing for extraterritorial service. Two courts have held that as 4(c)(2)(C)(ii) did not attempt to supercede 4(e), 4(e) controls and mail service not authorized by the forum state rules cannot be used for extraterritorial service. *William B. May Co. v. Hyatt*, 98 F.R.D. 569, 570 (S.D.N.Y.1983); *San Miguel & Compania v. International Harvester Export Co.*, 98 F.R.D. 572, 573 (D.P.R.1983). Furthermore, a court in this circuit has found Illinois would not allow service pursuant to 4(c)(2)(C)(ii) on out of state defendants. *Chronister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464 (N.D.Ill.1983). Rule 4(f) does not independently authorize mail service on extraterritorial defendants. By returning the receipts, defendants did not estop themselves from moving to quash service. *William B. May Co.*, 98 F.R.D. at 570–571. In any case, this argument is waived by plaintiffs' failure to raise it.

Service was therefore improper, and the court need not reach defendants' claim that they were entitled to 30 days in which to respond. The service of the summons and complaint is therefore quashed. However, dismissal is not warranted where there is a reasonable prospect that plaintiffs could properly serve defendants. *Chronister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464, 470 (N.D.Ill.1983) (holding on 4(c)(2)(C)(ii) reversed in December 5, 1983 order). That prospect exists in this case. Service shall be made within the time provided in Rule 4(j) with any enlargement in time to be requested under Rule 6(b). Ruling on the motion to transfer is reserved pending service.

**Conclusion**

Plaintiffs have established a *prima facie* case that defendants James Wilder, John Wilder, and Sid Gilreath have enough contacts with Illinois to allow jurisdiction over their persons concerning claims arising from the negotiation of the alleged contract for plaintiffs' expert services. Plaintiffs have not made such a showing concerning the remaining defendants, and they are dismissed from this action. Service of the summons and complaint for all defendants is quashed. Plaintiffs shall serve defendants within the time provided in Rule 4(j), measuring the time limit from the filing of the complaint. Ruling on the motion to transfer is reserved pending service.

It is so ordered.