**Renee PADOVANI, a Delaware resident, Plaintiff,**

v.

**SPECTACOR, INC., a Pennsylvania corporation, and Electric Factory Concerts, Inc., a Pennsylvania corporation, Defendants.**

**Civ. A. No. 84–605–WKS.**

United States District Court,
D. Delaware.

Feb. 8, 1985.

Angelo Falasca, Wilmington, Del., for plaintiff.

Howard M. Berg, Howard M. Berg & Associates, Wilmington, Del., for defendant Spectacor, Inc.

John H. Newcomer, Jr., Bayard, Handelman & Murdoch, Wilmington, Del., for defendant Elec. Factory Concerts, Inc.

MEMORANDUM OPINION

STAPLETON, Chief Judge:

This is a diversity action brought by Renee Padovani against Spectacor, Inc. ("Spectacor") and Electric Factory Concerts, Inc. ("EFC") to recover damages resulting from personal injuries allegedly suffered while attending a rock concert on October 19, 1982 at the Spectrum in Philadelphia, Pennsylvania. Both Spectator and EFC are Pennsylvania corporations while plaintiff is a citizen of Delaware. Plaintiff alleges that Spectacor is the owner and operator of the Spectrum and that EFC is in the business of producing and presenting concerts at the Spectrum. Plaintiff further claims that EFC produced and/or presented the October 19, 1982 concert in question.

Plaintiff asserts that during the concert she was struck on the head by a bottle thrown by an unknown person or persons also attending the concert, thereby suffering severe and permanent injuries. Moreover, plaintiff contends that these injuries were proximately caused by the negligence of both Spectacor and EFC.

EFC has moved to dismiss the action on grounds of insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. EFC contends that since it is a Pennsylvania corporation, plaintiff's attempt to serve EFC at its Philadelphia offices by mail pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure was improper.[1]

Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure provides as follows:

A summons and complaint may be served upon a defendant of any class referred to

---

1. It appears that EFC did in fact receive a summons and complaint, and returned plaintiff's Notice and Acknowledgment of Service by Mail. However, plaintiff does not argue that as a result, EFC is estopped from bringing the instant motion.

in paragraph (1) or (3) of subdivision (d) of this rule ... by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

As EFC is a corporate entity, it satisfies the requirement that service by mail be upon "a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule." Fed.R.Civ.P. 4(c)(2)(C)(ii). EFC argues, however, that the attempt to serve it under Rule 4(c)(2)(C)(ii) was ineffective since service by mail is "subject to the territorial restrictions imposed by Fed.R.Civ.P. 4(f)." *William B. May Co. v. Hyatt,* 98 F.R.D. 569, 570 (S.D.N.Y.1983). *See also Epstein v. Wilder,* 596 F.Supp. 793, 796–97 (N.D.Ill.1984); *San Miguel & Compania, Inc. v. International Harvester Export Co.,* 98 F.R.D. 572, 573 (D.P.R.1983).

Fed.R.Civ.P. 4(f) limits, *inter alia,* service of process to the territorial boundaries of the state in which the district court is located unless a federal statute or the Federal Rules of Civil Procedure allow otherwise. There concededly is no federal statute involved in this case which would allow out-of-state service by mail. The question then becomes whether there is a federal rule which authorizes extra-territorial service of process by mail. Fed.R.Civ.P. 4(e) clearly does so under certain conditions. While plaintiff suggests that Fed.R.Civ.P. 4(c)(2)(C)(ii) does likewise, I read that rule to apply only to situations in which the plaintiff, if service is not acknowledged, can effect service within the state. Accordingly, it is Rule 4(e) and only Rule 4(e) which authorizes extraterritorial service.

Plaintiff asserts that Fed.R.Civ.P. 4(e) allows out-of-state service by mail in the case at bar, although she cites no authority nor provides any discussion of this assertion. Rule 4(e) provides in part that "[w]henever a statute or rule of court of the state in which the district court is held provides ... for service of a summons ... upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule." Plaintiff has not pointed to any Delaware statute or court rule which allows service on a foreign corporation by first class mail and independent research has similarly not discovered any such authorization. Consequently, I find that Fed.R.Civ.P. 4(e) does not authorize the only service yet effected on EFC.

The 120 day period stipulated by Rule 4(j) for service of process will expire on February 14, 1985. An Order will be entered under that Rule directing that plaintiff effect valid service of process on EFC prior to that date or show good cause why it has not been made as contemplated by the Rule.