**Edgar DALEY and Clarise May Daley, Plaintiffs,**

v.

**ALIA, The Royal Jordanian Airlines, Nordco Products, Inc., and KLM Royal Dutch Airlines, Defendants.**

**No. 84 CV 0288.**

United States District Court, E.D. New York.

Feb. 26, 1985.

Pearlman, Apat & Futterman, New York City, for plaintiffs.

Condon & Forsyth, New York City, for ALIA and KLM; Michael J. Holland, New York City, of counsel.

Mendes & Mount, New York City, for Nordco Products, Inc.; Kevin F. Cook, New York City, of counsel.

McLAUGHLIN, District Judge.

This is a motion by defendant Nordco Products, Inc. ("Nordco"), a California corporation, to dismiss plaintiffs' Second Amended Complaint for lack of personal jurisdiction, failure to make proper service, and failure to comply with the applicable statutes of limitations. Fed.R.Civ.P. 12(b)(2), (4), (5). Because Nordco has never been properly served, this Court lacks personal jurisdiction over Nordco, and the motion is granted to the extent of quashing service.

### Facts

Plaintiff Edgar Daley was injured on March 13, 1981 when a scaffolding on which he was working at John F. Kennedy Airport in Queens, New York, collapsed. This action was commenced against defendant ALIA in New York Supreme Court, Queens County, on January 12, 1984. ALIA removed the action to this Court, 28 U.S.C. §§ 1330(a), 1603, on January 20, 1984.

ALIA then moved to dismiss the Complaint for failure to state a claim under New York law. Fed.R.Civ.P. 12(b)(6). While this motion was pending, plaintiffs on February 21, 1984 filed an Amended Complaint adding Nordco as a defendant, alleging negligence, breach of warranty and strict liability. Shortly thereafter this Court dismissed two of plaintiffs' three claims against ALIA. Nordco having yet to answer the Amended Complaint, plaintiffs on March 8, 1984 filed a Second Amended Complaint, reflecting the Court's ruling on ALIA's motion and adding KLM as a defendant.[1]

---

1. As to Nordco, of course, this constituted the original amended pleading to which plaintiffs were entitled of right. Fed.R.Civ.P. 15(a).

No one seems to know how Nordco was served with the first Amended Complaint. The record does reflect, however, that Nordco was served with a summons and the Second Amended Complaint by mail, in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). It is this Complaint that Nordco seeks to dismiss.

*Discussion*

■ Because Nordco is a California corporation, plaintiffs are required to serve process upon Nordco by personally serving a corporate officer, managing or general agent, or an agent authorized to accept service on behalf of Nordco, Fed.R.Civ.P. 4(d)(3), or by serving Nordco in a manner provided by New York law. Fed.R.Civ.P. 4(e); *see William B. May Co. v. Hyatt*, 98 F.R.D. 569, 570 (S.D.N.Y.1983). New York law does not permit service by mail upon a foreign corporation. N.Y.Bus.Corp.Law § 306 (McKinney 1963 & Supp.1984–85); N.Y.C.P.L.R. §§ 311, 313 (McKinney 1972 & Supp.1984–85).

■ Plaintiffs argue that the summons and Second Amended Complaint were properly served by mail in accordance with Fed. R.Civ.P. 4(c)(2)(C)(ii). Although by its terms that Rule might seem to authorize service of process by first-class mail upon a foreign corporation, that section is subject to the general territorial restriction of Rule 4(f), which limits service of process by mail under the Federal Rules to the state in which the district court sits. Fed.R.Civ.P. 4(f); *William B. May Co. v. Hyatt*, 98 F.R.D. 569, 570 (S.D.N.Y.1983). Nevertheless, plaintiffs are entitled to serve Nordco by mail with an amended pleading, Fed.R. Civ.P. 5; it is thus necessary to determine whether Nordco was properly served under Rule 4 with plaintiffs' Amended Complaint, the first pleading to name Nordco as a defendant.[2]

At a conference held January 25, 1985, plaintiffs' counsel conceded that the record does not indicate how Nordco was served with a summons and the Amended Complaint, and that he did not have any personal knowledge. The Court provided counsel with an opportunity to submit an affidavit specifying the method of service, but counsel has not provided that information.

■ When, as here, the validity of service has been contested, plaintiffs have the burden of proving proper service. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *Richardson v. Volkswagenwerk, A.G.*, 552 F.Supp. 73, 79 (W.D.Mo. 1982). Plaintiffs have not met that burden.

■ The remedy Nordco seeks for plaintiffs' failure to make service is dismissal of the Second Amended Complaint. When the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service. *Mattes v. National Hellenic American Line, S.A.*, 427 F.Supp. 619, 630 (S.D.N.Y.1977). Accordingly, Nordco's motion is granted to the extent that service upon Nordco of both the Amended and Second Amended Complaints is quashed. Plaintiffs shall have until March 8, 1985 to make valid service upon Nordco. No view is expressed as to whether such a service will be timely for statute of limitations purposes.[3]

SO ORDERED.

2. Nordco contends its motion is properly addressed to the Second Amended Complaint because "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). While that rule may be profitably applied when considering motions addressed to the substantive claims in the pleading, it is not the proper analysis when considering motions attacking the sufficiency of process. Otherwise, plaintiffs would have to protect themselves by serving all amended complaints according to Rule 4, thus vitiating Rule 5, which allows amended pleadings to be served by first-class mail once original and proper service of process has been made.

3. Valid service not having been made upon Nordco, it appears no tolling of the applicable statutes of limitations has occurred. *Cf. Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir. 1984) (limitations period tolled when service

proper under 4(c)(2)(C)(ii) but defendant willfully refused to return acknowledgment of service). Before serving Nordco with yet another Complaint, plaintiffs are strongly urged to consult N.Y.C.P.L.R. § 214 (McKinney 1972 & Supp.1984–85) and N.Y.U.C.C. § 2–725 (McKinney 1964 & Supp.1984–85), which enumerate the statutes of limitations in warranty and personal injury actions. Plaintiffs are also advised to examine Fed.R.Civ.P. 11, which governs the signing of pleadings.