**CATALYST ENERGY DEVELOPMENT CORPORATION, Plaintiff,**

v.

**IRON MOUNTAIN MINES, INC., Defendant.**

**No. 85 Civ. 4735 (LFM).**

United States District Court, S.D. New York.

Dec. 16, 1985.

See also, D.C., 630 F.Supp. 1314.

Henderson & Koplik by Jeffrey C. Carter, New York City, for plaintiff.

Milberg Weiss Bershad Specthrie & Lerach by Jared Specthrie, New York City, and Wegis, Klein, Wegis & Duggan, Bakersfield, Cal., for defendant.

OPINION

MacMAHON, District Judge.

Defendant Iron Mountain Mines, Inc. ("IMMI") moves, pursuant to Fed.R.Civ.P. 55(c) and 60(b), to vacate a default judgment entered against it on August 26, 1985, and, pursuant to Fed.R.Civ.P. 12(b)(2), to dismiss plaintiff's complaint for lack of personal jurisdiction.

This court has subject-matter jurisdiction, pursuant to 28 U.S.C. § 1332.

FACTS

On June 18, 1985, plaintiff filed a summons and complaint seeking payment of a $50,000 promissory note executed by defendant and payable to plaintiff. Plaintiff attempted service of process on defendant by mail, pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) which requires the party served to return a signed acknowledgment of receipt within 20 days. If the acknowledgment is not returned after 20 days, plaintiff must effect personal service of the summons and complaint pursuant to Fed.R. Civ.P. 4(d)(1) or (3).

IMMI did not return the acknowledgment of receipt. On July 31, 1985, plaintiff followed up the prior mail service with personal service of process on defendant by serving its president personally at IMMI's corporate headquarters in Sacramento, California. On August 26, 1985, a default judgment was entered by the Clerk of this court against IMMI for $60,435.10—the amount of the promissory note plus interest, costs and disbursements.

IMMI now moves to vacate the default judgment on the ground that there was no basis for its entry. First, IMMI claims that, although it concedes that plaintiff mailed a summons and complaint to it on June 18, 1985, that service was invalid and therefore could not form the basis for the entry of a default judgment. Second, IMMI asserts that plaintiff's follow-up July 31, 1985 personal service in California, though admittedly valid, gave IMMI 30 days, until August 30, 1985, to answer or move with respect to the complaint and that IMMI did in fact move to dismiss the complaint on August 27, 1985 for lack of personal jurisdiction.

## DISCUSSION

### Plaintiff's Mail Service

It is clear that the June 18, 1985 mail service, pursuant to Rule 4(c)(2)(C)(ii), was invalid. Under Rule 4(f), in a diversity case, process may only be served, whether personally or by mail, within the territorial limits of the state in which the district court is held. Rule 4(e) permits service of process beyond the forum's territorial limits in a diversity case, but only "under the

circumstances and in the manner prescribed" by the forum state.[1]

New York does not permit extra-territorial service of process by mail unless that manner of service is ordered by the court under New York CPLR § 308(5).[2] Extra-territoria service of process by mail pursuant to Rule 4(c)(2)(C)(ii) does not satisfy New York's service requirements.[3] Plaintiff's mail service of June 18, 1985 was therefore invalid and any default judgment based upon that service would be void.[4]

### Plaintiff's Personal Service

It appears, however, that the default judgment entered on August 26, 1985 against IMMI was not based on the June 18 mail service but upon the follow-up personal service on IMMI's president in California on July 31, 1985.[5] That service complies with New York law, as required by Fed.R.Civ.P. 4(e), and in any event is not contested by defendant.[6]

Nevertheless, New York affords a defendant 30 days to serve his answer or move, exclusive of the date of service, when process is served outside the state.[7]

---

**1.** *Davis v. Musler,* 713 F.2d 907, 914 (2d Cir. 1983); *Merz v. Hemmerle,* 90 F.R.D. 566, 567–68 (E.D.N.Y.1981).

**2.** *Ackermann v. Levine,* 610 F.Supp. 633, 643–44 (S.D.N.Y.1985).

**3.** *William B. May Co. v. Hyatt,* 98 F.R.D. 569, 570–71 (S.D.N.Y.1983); *see also Daley v. Alia,* 105 F.R.D. 87, 89 (E.D.N.Y.1985); *San Miguel & Compania, Inc. v. International Harvester Export Co.,* 98 F.R.D. 572, 573 (D.P.R.1983).

**4.** *Bruce v. Paxton,* 31 F.R.D. 197, 200 (E.D.Ark. 1962); *see also Stranahan Gear Co. v. NL Industries, Inc.,* 102 F.R.D. 250, 252 (E.D.Pa.1984); *Leab v. Streit,* 584 F.Supp. 748, 761 (S.D.N.Y. 1984); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.,* 81 F.R.D. 703, 704–05 (W.D.Pa. 1979).

**5.** The default judgment provides, in pertinent part:
This action having been commenced on June 18, 1985 by the filing of summons and complaint, *and a copy of the summons and complaint having been served directly on the defendant, Iron Mountain Mines, Inc., on July 31, 1985* ... and the defendant not having

appeared or moved with respect to the complaint, and the time for appearing, answering or moving with respect to the complaint having expired ... it is [o]rdered that the plaintiff have judgment against the defendant ... in the amount of ... $60,435.10. (Emphasis added.)

**6.** N.Y. CPLR § 311 permits service upon a foreign corporation to be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

**7.** The federal and state rules must be read together. Fed.R.Civ.P. 12(a) states that "[a] defendant shall serve his answer within 20 days after service of the summons and complaint upon him, *except when service is made under Rule 4(e) and a different time is prescribed ... in the statute or rule of court of the state.*" (Emphasis added.) N.Y. CPLR § 320 provides that if process is served outside the state (*see* § 313), the defendant shall make an appearance within *30 days* after service is complete. IMMI, served in California, thus had 30 days exclusive of the date of service in which to make an appearance in the action.

IMMI's time to answer or move with respect to the complaint did not expire, therefore, until August 30, 1985. IMMI filed a motion to dismiss the complaint on August 27, 1985—three days before its time to answer or move expired.

Thus, a default judgment could not be entered against defendant prior to its August 30, 1985 deadline. A party may be relieved from a default judgment for mistake, inadvertence, surprise or excusable neglect.[8] The default judgment entered on August 26, 1985 was mistakenly entered against IMMI and must be vacated.[9]

*Personal Jurisdiction*

IMMI has moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(2), on the ground that court lacks personal jurisdiction over IMMI. Plaintiff has not filed any opposition to defendant's motion, possibly in reliance upon the validity of the default judgment which now must be vacated. Plaintiff will be afforded an opportunity to submit papers opposing defendant's motion to dismiss.

Accordingly, the Clerk of the court is directed to vacate in all respects the default judgment against defendant entered on the docket on August 26, 1985. If plaintiff opposes defendant's pending motion to dismiss the complaint for lack of personal jurisdiction, plaintiff is directed, if so advised, to serve, file and submit opposition papers within 20 days.

So ordered.

---

8. Fed.R.Civ.P. 60(b)(1).

9. We note that plaintiff's counsel is ultimately the party responsible for this mistake, since it was error for him to state in his affidavit supporting his application for the default judgment that "[d]efendant IMMI has not appeared, answered or moved with respect to the complaint; the time for appearing, answering or moving with respect to the complaint has expired." Affidavit of Jeffrey C. Carter, sworn to August 21, 1985, ¶ 6.