Joseph C. MATESIC, Richard A. Samer and Vernon T. Taylor, for themselves and all other persons similarly situated, Plaintiffs,

v.

CURTISS–WRIGHT CORPORATION, Defendant.

No. CIV–88–328C.

United States District Court, W.D. New York.

Oct. 6, 1989.

E. Joseph Giroux, Jr. (William E. Grande, of counsel), Buffalo, N.Y., for plaintiffs.

Saperston & Day, P.C. (Thomas S. Gill, of counsel), Buffalo, N.Y., for defendant.

## BACKGROUND

CURTIN, District Judge.

Although there are several motions pending before the court in this case, the parties and the court have agreed that the issue regarding service of process should be resolved before the court considers the other motions.

## FACTS

On March 23, 1988, the plaintiffs commenced the present action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, by filing a complaint with the Clerk's Office for this district. On or about March 24, 1988, the plaintiffs attempted to serve copies of the complaint and summons on the defendant, a Delaware corporation, by mail. According to the affidavit of William Grande, the plaintiffs mailed the copies to the defendant's principal place of business in New Jersey, and an attorney there acknowledged receipt. *See* Item # 27, ¶¶ 2, 3. Receipt of the summons and complaint was acknowledged by the attorney's signing a form entitled "Acknowledgment of Receipt of Summons & Complaint," which is dated April 1, 1988. The form is attached to the summons filed with the Clerk's Office on April 4, 1988. *See* Item 2. The summons itself was directed to the Buffalo address

of a facility owned and operated by the defendant. *See* Item # 2; Item # 28, ¶¶ 1–3.

The defendant has moved for summary judgment, contending that service by mail is insufficient for a foreign corporation, and that the plaintiffs' complaint should be dismissed because their time to serve process has expired.

## DISCUSSION

■ The plaintiffs argue that service of process here was proper under Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. That rule provides that a summons and complaint may be served upon a domestic or foreign corporation by mail. Rule 4(c)(2)(C)(ii), however, is subject to the territorial restrictions imposed by Rule 4(f). *William B. May, Inc. v. Hyatt*, 98 F.R.D. 569, 570 (S.D.N.Y.1983). Rule 4(f) provides that extraterritorial service, that is, service beyond the territorial limits of the state in which the district court sits, is proper "when authorized by a statute of the United States or by these rules." The only authority for extraterritorial service by mail is contained in Rule 4(e). *Olympus Corp. v. Dealer Sales & Service*, 107 F.R.D. 300, 303 (E.D.N.Y.1985); *William B. May, Inc. v. Hyatt*, 98 F.R.D. at 570. *See also Davis v. Musler*, 713 F.2d 907, 913–14 (2d Cir.1983). Rule 4(e), in turn, provides in relevant part:

> Whenever a statute of the United States or an order of court thereunder provides for service ... upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, *if there is no provision*

therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court *of the state in which the district court is held* provides ... for service ... upon a party not an inhabitant of or found within the state ... service may ... be made under the circumstances and *in the manner* prescribed in the statute or rule.

(Emphasis added.) Since the plaintiffs chose not to effect personal service pursuant to Rule 4(d)(3), *see Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y.1985),[1] they thus were required to serve the defendant in a manner provided by New York law. New York law, however, does not permit extraterritorial service of process by mail upon a corporation. *See* N.Y. Civ. Prac. L. & R. § 311; N.Y. Bus. Corp. Law § 306. Accordingly, the plaintiffs' mail service was invalid. *Olympus Corp. v. Dealer Sales & Service*, 107 F.R.D. at 304; *Daley v. ALIA*, 105 F.R.D. at 89.[2] *See also Catalyst Energy Development Corp. v. Iron Mountain Mines*, 108 F.R.D. 427, 428 (S.D.N.Y.1985); *Macaluso v. New York State Department of Environmental Conservation*, 115 F.R.D. 16 (E.D.N.Y.1986).

■ The plaintiffs claim that Section 502(e)(2) of ERISA mandates that mail service was proper. That statute provides that

> [w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, *and process may be served in any other district where a defendant resides or may be found.*

29 U.S.C.A. § 1132(e)(2) (1985) (emphasis added). However, while Section 502(e)(2)

---

1. Rule 4(d)(3) provides that service may be made upon a domestic or foreign corporation by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
   (Emphasis added). Contrary to the claim by the plaintiff, *see* Item 24 at 24–26, Rule 4(d)(3) is

not satisfied by mail service. *Daley v. ALIA*, 105 F.R.D. at 89.

2. Absent court order, New York law likewise does not recognize mail service upon natural persons. *See* N.Y. Civ. Prac. L. & R. § 308; *Grosser v. Commodity Exchange, Inc.*, 639 F.Supp. 1293, 1315–16 (S.D.N.Y.1986), *aff'd*, 859 F.2d 148 (2d Cir.1988); *William B. May, Inc. v. Hyatt*, 98 F.R.D. at 570.

speaks to *where* a party may be served, it is silent as to *how* a party may be served. *Compare* 28 U.S.C. § 1391(e). Section 502(e)(2), therefore, does not indicate that proper service of process under ERISA differs in any way from proper service of process as ordinarily provided in the Federal Rules of Civil Procedure.

■ The plaintiffs' final contention, raised during oral argument, is that the defendant waived the defense of insufficient service by filing an earlier motion for summary judgment, *see* Item 10 and supporting papers, that did not raise the defense. The cases cited by the plaintiffs, however, are readily distinguishable from the case at bar. In holding that the defense of insufficient service of process had been waived, the court in each of those cases relied on, among other things, the inordinate delay between the attempted service of process and the assertion of the defense, and the fact that during the interim the defendants had actively defended the lawsuit. *See Benveniste v. Eiseman*, 119 F.R.D. 628 (S.D.N.Y.1988) (approximately three-and-one-half years; discovery had been completed); *Sims v. Mme. Paulette Dry Cleaners*, 638 F.Supp. 224 (S.D.N.Y.1986) (over two-and-one-half years; summary judgment had already been entered against defendants); *Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477 (S.D.N.Y.1985) (over two-and-one-half years; extensive discovery had been completed). In the present case, by contrast, the defendant, who had initially raised the defense of insufficient process in its answer dated June 6, 1988, *see* Item 9 at ¶ 17, formally asserted the defense in a motion filed August 26, 1988—approximately one month after the 120–day period set forth in Rule 4(j) had expired. By doing so, it raised the defense "seasonably." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939).

Ordinarily, when the crux of a motion is insufficiency of process, the motion must be treated as one to quash service and, if granted, the plaintiff should be allowed leave to attempt valid service. *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y.1985).

In the present case, however, the plaintiffs' time for service of process under Rule 4(j) had passed by the time the defendant brought its motion. Consequently, the plaintiffs' complaint must be dismissed.

The court recognizes that the result here may seem harsh, particularly because the defendant does not allege either prejudice or lack of actual notice. Yet, as demonstrated by the cases cited above, the United States Court of Appeals for the Second Circuit and district courts in this circuit have repeatedly maintained that, notwithstanding the potential harshness that may result from application of what may appear to be a rather technical rule, a district court has no *in personam* jurisdiction over a party in the absence of proper service of process. *See also American Telephone & Telegraph Co. v. Merry*, 592 F.2d 118, 126 (2d Cir.1979).

In sum, since the plaintiffs did not properly serve process upon the defendant, their complaint is hereby dismissed.

The parties shall meet with the court on October 18, 1989, at 9:00 a.m. to discuss the future status of this case. No judgment shall be entered until further order of the court.

So ordered.