v.

**B & W LOUDSPF AKERS OF AMERICA, A DIVISION OF EQUITY INTERNATIONAL INCORPORATED, a Canadian Corporation, Defendant–Appellant. (Two Cases)**

**AUDIO ENTERPRISES, INCORPO-RATED, an Illinois corporation, Plaintiff–Appellant,**

v.

**B & W LOUDSPEAKERS OF AMERICA, A DIVISION OF EQUITY INTERNATIONAL INCORPORATED, a Canadian corporation and James Goodman, an individual, Defendants–Appellees.**

**Nos. 89–3348, 90–3176 and 90–3294.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1991.

Decided March 2, 1992.

---

Christopher T. Cherpas (argued), Teodosio, Cherpas, Manos & Ward, Akron, Ohio, Neal Kauffmann, Frank Glatt, Kauffmann

& Associates, Chicago, Ill., for Audio Enterprises, Inc.

Robert E. Wagner (argued), Daniel N. Christus, Linda A. Kuczma, Michael D. Lake, Wallenstein, Wagner & Hattis, Chicago, Ill., for B & W Loudspeakers of America, James Goodman.

Before COFFEY and RIPPLE, Circuit Judges, and WISDOM, Senior Circuit Judge.[1]

WISDOM, Senior Circuit Judge.

In this diversity suit, the defendants, B & W Loudspeakers of America ("B & W") and Mr. James Goodman, contend that they were not properly served with process, and therefore, the district court did not have personal jurisdiction. The district court held that B & W was properly served. Because the district court dismissed the count against Mr. Goodman, it did not rule on his motion. Several other points are raised by both sides on appeal. These contentions, however, need not be addressed because of our determination that the defendants were not properly served.

## BACKGROUND

The plaintiff, Audio Enterprises, Inc. ("Audio"), is an Illinois corporation that designs, sells, and installs stereo systems. The defendant, B & W, is a division of Equity International, a Canadian Corporation. B & W manufactures stereo equipment. The other defendant, Mr. James Goodman, a resident of Wisconsin, is an independent sales representative who is authorized to take orders for B & W equipment as well as equipment of other manufacturers.

Audio has purchased and sold B & W stereo equipment, primarily speakers, for over seventeen years. Although the parties had no written agreement for several years, in 1988 they executed a Retail Dealer Agreement. Audio filed an unrelated antitrust lawsuit against Mr. Goodman and others in which B & W was named as a

---

**1.** The Honorable John Minor Wisdom, Senior Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

non-party co-conspirator. For reasons undisclosed in the record, B & W sent Mr. Goodman a letter stating that he was authorized to inform Audio that B & W did not consider the filing of the antitrust lawsuit as grounds for termination of the Agreement.

Nevertheless, B & W mailed a notice of termination to Audio in July 1989, terminating Audio as an authorized dealer effective August 24, 1989. Audio filed this suit on August 24, 1989, in state court, seeking injunctive relief, damages for B & W's alleged breach of contract, and damages for Mr. Goodman's alleged wrongful interference with the Agreement.

On the motion of B & W and Mr. Goodman the case was removed to the United States District Court for the Northern District of Illinois. B & W and Mr. Goodman objected to service of process and personal jurisdiction at every opportunity. For example, in the state court, B & W objected to service during the hearing on Audio's motion for injunctive relief. The insufficiency of service was noted by both defendants in the Petition for Removal, which expressly reserved these objections. B & W raised this objection before the magistrate who held a preliminary injunction hearing. B & W raised this objection before the district court during a hearing on Audio's motion to expedite the schedule for filing objections to the magistrate's recommendations. B & W filed a motion to stay the determination of Audio's motion for injunctive relief until the court determined the service and jurisdiction issues. Finally, a formal motion to dismiss for insufficiency of service of process and lack of personal jurisdiction was filed by B & W on September 12, 1989.

On September 13, 1989, the district court orally denied B & W's motion to dismiss for lack of personal jurisdiction. On September 18, 1989, the court orally denied B & W's motion to dismiss for insufficiency of service of process. On September 28, 1989,

B & W filed a motion to dismiss for failure to state a claim upon which relief can be granted.

On October 24, 1989, Mr. Goodman, who was not a party to the earlier hearings regarding the preliminary injunction, filed a motion to dismiss under Rule 12(b). This motion raised insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted as reasons for dismissing the count against Mr. Goodman.

On September 4, 1990, the district court entered judgment granting the defendants' motions to dismiss. The court granted both motions under Rule 12(b)(6), and did not address Mr. Goodman's service of process arguments.

This appeal is a consolidation of three separate appeals. B & W appeals the preliminary injunction that was issued by the district court on September 29, 1989 (No. 89–3348). B & W also appeals the district court's denial of its motions to dismiss for insufficiency of service of process and lack of personal jurisdiction (No. 90–3294). Audio appeals the September 1990 granting of the defendants' motions to dismiss and the court's denial of its petitions to show cause and for further injunctive relief (No. 90–3176).

## DISCUSSION

### A. *Service of Process on B & W.*

 Before the hearing on B & W's motion to dismiss for insufficiency of service of process, Audio sent a Federal Express package containing a copy of the complaint and the summons to B & W's offices in Canada. Audio contends that this constituted valid service by mail. B & W does not deny that this package was received, but argues that this was invalid service.[2]

Fed.R.Civ.P. 4 governs service of process in federal courts. Rule 4(c)(2)(C)(i) pro-

---

2. We should note at the outset that it is not contended that the defendants were unaware of the lawsuit. As this Court recently held, however, "actual knowledge of the existence of a lawsuit is insufficient to confer personal juris- diction over a defendant in the absence of valid service of process." *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.), *reh'g en banc denied,* 1991 WL 117311 1991 U.S.App. Lexis 21,522 (7th Cir.1991).

vides that service may be effected pursuant to the law of the State in which the district court is located. Rule 4(c)(2)(C)(ii) provides that service may be effected by mail. Thus, under Rule 4, mail service is available either pursuant to the requirements of the rule itself or if applicable state law provides for service by mail.

At oral argument, counsel was unable to direct the Court's attention to any law of the State of Illinois allowing service by mail outside the state. Rather, Ill.Rev. Stat. ch. 110, ¶ 2–208, which governs service outside of the State of Illinois, provides only for personal service.

■ Because state law does not provide for service by mail, the only authorization for service by mail available to Audio is that contained in Rule 4(c)(2)(C)(ii).[3] Fed. R.Civ.P. 4(c)(2)(C)(ii) provides that service may be accomplished:

> by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment ... and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service ... is received by the sender within 20 days after the date of mailing, [personal] service of such summons and complaint shall be made....

Audio's attempted service does not satisfy this rule. Rule 4(c)(2)(C)(ii) specifies first class mail, postage prepaid. Federal Express is not first class mail. Even if Federal Express mailing satisfied the rule, Audio's service of process was never completed. "The rule in this and other circuits is

that service by mail is not complete until an acknowledgment is filed with the court."[4] Audio never filed an acknowledgement with the court. Indeed, Audio never received the acknowledgment from B & W, and it is not clear whether Audio even included the form in the Federal Express package.

Thus, Audio has not complied with the requirements for service by mail under the federal rule. The district court erred in finding that valid service had been effected. Because there was no valid service, the district court was without personal jurisdiction over B & W[5] and the complaint should have been dismissed for insufficiency of service of process.

**B. Service on Mr. Goodman.**

Audio contends that valid service of process was effected on Mr. Goodman by the mailing of the required documents under Fed.R.Civ.P. 4(c)(2)(C)(ii). Mr. Goodman contends, on the other hand, that the package he received did not contain the acknowledgement form required by the rules. Even assuming that all of the required documents were sent to Mr. Goodman by Audio, service was never completed.

Audio never filed an acknowledgment with the court. Audio does not contend that it ever received the acknowledgement from Mr. Goodman. Thus, service was never completed under Rule 4(c)(2)(C)(ii). The count against Mr. Goodman should have been dismissed for insufficiency of service of process.

---

3. There is a continuing dispute whether that provision of Rule 4 is available when the party to be served is not located within the state in which the court is located. At least two judges in the Northern District of Illinois, Eastern Division, have held that out of state defendants may not be served pursuant to Rule 4(c)(2)(C)(ii). *See, Epstein v. Wilder,* 596 F.Supp. 793, 797 (N.D.Ill.1984) and *Chronister v. Sam Tanksley Trucking, Inc.,* 109 F.R.D. 1 (N.D.Ill.1983). Examples of cases holding that service by mail under the federal rule is available are: *McDougald v. Jenson,* 786 F.2d 1465, 1487 (11th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986) and *Scarton v. Charles,* 115 F.R.D. 567, 571 (E.D.Mich.1987).

This Circuit has not decided this issue. Because Audio's attempted service did not satisfy Rule 4(c)(2)(C)(ii) we do not find it necessary to reach the question in this case.

4. *Geiger v. Allen,* 850 F.2d 330, 332 n. 3 (7th Cir.1988). *See also, Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987).

5. *See, Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied").

It should be noted that Mr. Goodman has not appealed any of the district court's decisions. Audio, however, has appealed the district court's dismissal of the count against Mr. Goodman. At oral argument, Mr. Goodman pointed to insufficiency of service of process as an alternate reason to uphold that dismissal.[6] The district court never reached the issue of service because it dismissed for failure to state a claim.

Review of the district court's holding that Audio failed to state a claim against Mr. Goodman upon which relief could be granted would needlessly involve this Court in a review of the merits of the claims against both B & W and Mr. Goodman. Because we find that Mr. Goodman was never properly served, this Court affirms the dismissal of the count against Mr. Goodman without reaching the failure to state a claim argument.

### CONCLUSION

Service of process was never completed. The district court therefore lacked personal jurisdiction over the defendants. The district court was without jurisdiction to enter the preliminary injunction against B & W.[7] The complaint against B & W and Mr. Goodman should have been dismissed for insufficiency of service of process.

For the reasons given above, we REVERSE the denial of B & W's motion to dismiss for insufficiency of service of process, we AFFIRM the dismissal Audio's complaint against B & W and Mr. Goodman, and we VACATE the preliminary injunction entered against B & W and all other orders entered by the district court.

---

**6.** It has long been settled that an appellee may assert additional grounds for affirming the decision without taking a cross-appeal. *See, e.g., United States v. American Railway Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924).

**7.** *See, e.g., Asset Allocation and Management Co. v. Western Employers Ins. Co.,* 892 F.2d 566 (7th Cir.1989).