Nora CHRONISTER, Plaintiff,

v.

SAM TANKSLEY TRUCKING, INC., Defendant.

No. 83 C 0332.

United States District Court, N.D. Illinois, E.D.

July 27, 1983.

Lawrence W. Leck, Lawrence W. Leck & Associates, Ltd., Chicago, Ill., for plaintiff.

Iversen, Carlson & Associates, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Nora Chronister ("Chronister") brought suit against Sam Tanksley Trucking, Inc. ("STT") for allegedly violating Missouri's workmen's compensation law and the public policy against retaliatory discharge. On or about April 16, 1982, while working as a truck driver for STT, Chronister was involved in an accident and sustained personal injuries. Chronister thereafter made claims for medical benefits and other compensation. In her complaint, she alleges that STT terminated her as a direct and proximate cause of her being injured on the job and requesting compensation. She claims, in separate counts, that this violated § 287.780[1] of Missouri's workmen's compensation law and the public policy against retaliatory discharge. Chronister is a resident of Illinois. STT is a corporation incorporated under the laws of Missouri with its principal place of business in Missouri. Presently before this Court is STT's motion to dismiss for lack of personal jurisdiction and insufficiency of process served. STT has also moved to strike Chronister's affidavits. For the reasons set forth below, STT's motion to strike is denied. Furthermore, although the process served on STT was insufficient and will be quashed, for the reasons set forth herein STT's motion to dismiss is denied.

## THE SUFFICIENCY OF THE AFFIDAVIT

■ STT contends that Chronister's first affidavit fails to fulfill the requisite form for affidavits delineated in Rule 56(e)[2] of the Federal Rules of Civil Procedure. In response, Chronister has submitted a second affidavit, setting forth many of the facts that STT claims are essential to fulfill Rule 56(e).[3] We believe that this second affidavit fulfills this rule. The submission of additional proper affidavits is sufficient to cure any defects which may have existed in the original affidavits. *Liberty Curtin Concerned Parents v. Keystone Central School District,* 81 F.R.D. 590, 604 (M.D.Pa.1978). Therefore, we need not decide whether Chronister's first affidavit is insufficient. Accordingly, STT's motion to strike is denied.

## THE EXISTENCE OF PERSONAL JURISDICTION

■ When federal jurisdiction rests upon diversity of citizenship, personal jurisdiction is determined in accordance with the law of the forum state, with federal law entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee. *O'Hare International Bank v. Hampton,* 437 F.2d 1173, 1175 (7th Cir. 1971). *See also Bodine's, Inc. v. Sunny-O, Inc.,* 494 F.Supp. 1279 (N.D.Ill.1980). Therefore, Illinois law establishes the guidelines for determining whether personal jurisdiction exists in the instant case. Personal jurisdiction over a non-resident defendant may be obtained under the Illinois Long-Arm Statute, Ill.Rev.Stat. ch. 110 § 2–209, or under the doctrine that a non-resident corporation is "doing business" in the State. *Cook Associates, Inc. v. Lexington United Corp.,* 87 Ill.2d 190, 199, 57 Ill. Dec. 730, 734, 429 N.E.2d 847, 851 (1981).

---

1. Section 287.780 R.S. Missouri provides that: No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

2. Rule 56(e) provides, in pertinent part, that:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

3. STT also claims that this second affidavit is insufficient.

The only federal requirement is that these jurisdictional tests comply with federal due process standards. These standards require sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction over a non-resident defendant is congruent with traditional concepts of fair play and substantial justice. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The crux of the due process analysis "is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

The Illinois Supreme Court has held that neither the Long-Arm Statute nor the "doing business" test are to be equated with the federal due process standards. *Cook,* 87 Ill.2d at 197, 201, 57 Ill.Dec. at 733, 735, 429 N.E.2d at 850, 852; *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 436, 56 Ill. Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981). After *Cook* and *Green,* it became clear that even if the exercise of personal jurisdiction meets the federal constitutional requirements of due process, it may not be authorized under the stricter Illinois requirements. *U.S. Reduction Co. v. Amalgamet, Inc.,* 545 F.Supp. 401, 402 (N.D.Ill.1982). *See also State Security Ins. Co. v. Frank B. Hall & Co., Inc.,* 530 F.Supp. 94, 96 (N.D.Ill. 1981). Since the Illinois jurisdictional requirements are stricter than is required by federal due process, our analysis of Chronister's claim will focus upon the Illinois requirements.

The Illinois Long-Arm Statute provides that:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative to the juris-diction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

(3) The ownership, use, or possession of any real estate situated in this State;

(4) Contracting to insure any person, property or risk located within this State at the time of contracting;

(5) With respect to actions of dissolution of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action.

It is clear that jurisdiction is limited to those causes of action *arising from* the commission of any of the above acts *within* Illinois.

With regard to the "doing business" test for personal jurisdiction, a certain regularity of activities in Illinois is required. A corporation must operate in the State not occasionally, but with a measure of continuity. *Cook,* 87 Ill.2d at 202–03, 57 Ill.Dec. at 735–36, 429 N.E.2d at 852–53. *See also, Braband v. Beech Aircraft Corp.,* 72 Ill.2d 548, 21 Ill.Dec. 888, 382 N.E.2d 252 (1978), *cert. denied,* 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 296 (1979).

When considering a challenge to its jurisdiction, a court may receive and weigh affidavits. *O'Hare,* 437 F.2d 1176. Chronister has submitted two affidavits to supplement her complaint.[4] Both address specifically the "doing business" test. STT in turn has submitted one affidavit supplementing its answer.

Although the burden of proof rests on the plaintiff asserting jurisdiction, for the purpose of making such determinations, conflicts in affidavits must be resolved in favor of the plaintiff. *Vena v. Western*

---

**4.** These two affidavits are essentially identical, for the second affidavit was submitted merely as a response to STT's allegation that the first affidavit was insufficient.

*General Agency, Inc.,* 543 F.Supp. 779, 782 (N.D.Ill.1982). *See also, Chicago Silver Exchange v. United Refinery, Inc.,* 394 F.Supp. 1332, 1335 (N.D.Ill.1975). Assuming everything Chronister alleges to be true, this Court, while lacking jurisdiction under the Illinois Long-Arm Statute, has personal jurisdiction over the defendant through the "doing business" test.

■ The Long-Arm Statute does not give this Court personal jurisdiction over Chronister's action. According to the undisputed claim in STT's affidavit, the events upon which Chronister bases her complaint took place in Texas. It is thus highly unlikely that her cause of action could have arose from acts committed in Illinois. Furthermore, Chronister has failed to allege that STT committed any acts, as enumerated in the Long-Arm Statute, which gave rise to the accident. Indeed, Chronister incorrectly maintains that this is unnecessary. As previously mentioned, the burden of proof rests on the party asserting jurisdiction. *O'Hare,* 437 F.2d at 1176. This burden can be met by a prima facie showing that jurisdiction is conferred by the Long-Arm Statute. *Id.* This Court thus finds that Chronister has failed to make the requisite prima facie showing regarding this Statute.

■ This Court, however, does have jurisdiction over this action through the "doing business" test. In Chronister's second affidavit, it is asserted that STT has conducted regular business in Illinois for the past five years. Chronister also asserts that she made approximately 50 to 75 trips into Illinois transporting various goods and materials under the instruction and direction of STT. She lists specifically eight companies with which she was personally involved in the transportation of goods for STT. Assuming everything Chronister alleges to be true, she has established a regularity of activities by STT in Illinois such that it was not operating occasionally, but with a measure of continuity. This Court accordingly has personal jurisdiction under the "doing business" test.

## THE INSUFFICIENCY OF THE PROCESS SERVED

STT also maintains that this action should be dismissed because the process served was allegedly insufficient. On February 22, 1983, Chronister filed with the United States Marshal for the Northern District of Illinois a summons and complaint. The marshal sent these items via certified mail to STT in Cape Girardeau, Missouri, the date of service recorded as March 7, 1983. The marshal also sent a return of service postcard, postage prepaid, addressed to the United States Marshal's Service in Chicago. This postcard allowed acknowledgment by STT of the receipt of the summons and complaint. The United States Marshal's Service received this postcard from STT and on March 18, 1983, filed it with the Clerk of the United States District Court.

STT asserts that this process as served was insufficient. It maintains that Rule 4(e)[5] of the Federal Rules of Civil Procedure governs service of parties not inhabitants of or found within the state and that this rule provides that service shall be made in accordance with the forum state's rules. STT further submits that the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110 §§ 2–201 to 212, requires personal service

---

5. Rule 4(e) provides that:

Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of the court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

in all actions except those outlined in Section 2–206 [6] of the Code, which allows service on a defendant through a combination of publication and mailing. It concludes that the instant case does not fall within that category and, therefore requires personal service.

While Rule 4 previously allowed service by mail only when that method was specifically authorized by state statute,[7] this is no longer true. Effective February 26, 1983, a new subdivision, (c)(2)(C)(ii), was added by Congress to the Rule, authorizing service of process by mail in federal courts. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1137 (Supp.1983). The federal courts are thus no longer dependent on the forum state's rules regarding this matter. In the instant case, the date of service is recorded as March 7, 1983, nine days after the new Rule 4 became effective. The new Rule is thus clearly applicable to this case and so service by mail was authorized.[8] STT is accordingly incorrect in its assertion that service by mail is not allowed.

The question remaining, however, is whether Rule 4, as amended, has been complied with. Rule 4 provides, in pertinent part, that:

\* \* \* \* \* \*

(c) Service

\* \* \* \* \* \*

(2)(A) A summons and complaint shall, except as provided in subparagraphs (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age.

(B) *A summons and complaint shall,* at the request of the party seeking service or such party's attorney, *be served by a United States marshal* or deputy United States marshal, or by a person specifically appointed by the court for that purpose, *only —*

(i) *on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915, or of a seaman authorized to proceed under Title 28, U.S.C. § 1916*

(ii) *on behalf of the United States or an officer or agency of the United States, or*

(iii) *pursuant to an order issued by the court* stating that a United States marshal or deputy United States marshal, or a person specially appointed for that purpose, is required to serve the summons and complaint in order that service be properly effected in that particular action.

6. Ill.Rev.Stat. ch. 110 § 2–206 provides that: Whenever, in any action affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or rescission of a contract for the conveyance of land, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending. If there is no newspaper published in that county, then the publication shall be in a newspaper published in an adjoining county in this State, having a circulation in the county in which action is pending. The publication shall contain notice of the pendency of the action, the title of

the court, the title of the case, showing the names of the first named plaintiff and the first named defendant, the number of the case, the names of the parties to be served by publication, and the date on or after which default may be entered against such party. The clerk shall also, within 10 days of the first publication of the notice, send a copy thereof by mail, addressed to each defendant whose place of residence is stated in such affidavit. The certificate of the clerk that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so.

7. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1137 (Supp.1983).

8. Even if the service of process on STT had occurred before the effective date of the Rule 4 amendment, the new Rule would still be applicable pursuant to United States Supreme Court order 50 USLW 4453–54 (May 4, 1982).

(C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—

\*   \*   \*   \*   \*   \*

(ii) by mailing a copy of the summons and of the complaint (by *first-class mail*, postage prepaid) to the person to be served, together with *two copies* of a notice and acknowledgment *conforming substantially to form 18–A and a return envelope*, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

\*   \*   \*   \*   \*   \*

(d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

\*   \*   \*   \*   \*   \*

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. (Emphasis added).

The correct procedure for service is thus outlined in Sections (c)(2)(B) and (c)(2)(C)(ii) of the amended rule.

█ As the underlined portions of the Rule 4 text make clear, the process served on STT was insufficient. Generally, if the service of process is insufficient, but a reasonable prospect exists that the plaintiff could properly serve the defendant, the court will not dismiss the action, but merely quash the service, retaining the case. *Hill v. Sands,* 403 F.Supp. 1368, 1370 (N.D.Ill. 1975). *See also, Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir.1976); *Richardson v. Ingram Corp.,* 374 F.2d 502, 503 (3d Cir. 1967), *cert. denied,* 389 U.S. 866, 88 S.Ct. 134, 19 L.Ed.2d 139 (1967); *Gibson v. Township of Bass River,* 82 F.R.D. 122, 126 (D.N. J.1979). In the instant matter, Chronister can properly serve STT pursuant to Section (c)(2)(C)(ii) of the amended Rule 4. Hence, a dismissal is not warranted. This Court therefore retains this case but quashes the service. Chronister will be afforded the opportunity to effectuate proper service upon STT. The status hearing set for July 29, 1983, will be stricken and reset for September 2, 1983. If there is no proper service by such time, the case will be dismissed.

For the above reasons, this Court denies STT's motions to strike Chronister's affidavits and to dismiss this cause. Service of process on STT is quashed. It is so ordered.