Patrick M. **KORB**, Design Consultants, Plaintiff,

v.

**P.F.R. CORPORATION**, "Coach and Four Restaurant," Defendant.

No. C–1–83–1192.

United States District Court, S.D. Ohio, W.D.

Feb. 15, 1984.

Barbara Scott Bison, Cincinnati, Ohio, for plaintiff.

Joseph T. Condit, Covington, Ky., for defendant.

## OPINION AND ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT

SPIEGEL, District Judge:

This matter came on for consideration of defendant's motion to dismiss the amended complaint (doc. 18), plaintiff's memorandum in opposition (doc. 19), defendant's motion to strike a certain section of plaintiff's memorandum (doc. 20), and plaintiff's memorandum in opposition (doc. 21).

In this diversity case, plaintiff alleges that he performed professional services for the defendant's restaurant. Plaintiff's business is located in Cincinnati, Ohio, and defendant corporation operates its restaurant in northern Kentucky, immediately across the river from Cincinnati.

The defendant's motion to dismiss rests on three grounds. First, defendant asserts that the manner in which plaintiff personally served agents of the defendant was improper under the Federal and Ohio Rules of Civil Procedure. Second, defendant contends that the amount in controversy does not exceed $10,000.00 exclusive of costs. Finally, defendant challenges jurisdiction of this Court, alleging that the defendant lacks sufficient minimum contacts with Ohio to render jurisdiction proper.

■ The defendant has moved to strike all sections of plaintiff's memorandum in opposition "that do not pertain to the jurisdictional and service of process issues." (doc. 20). We deny this motion as we are of the mind that extraneous material is properly considered on motions under Rule 12, Fed.R.Civ.P. *See* 5 C. Wright & A. Miller, *Fed. Practice and Procedure* § 1364 (1969). Therefore, we make the following rulings based upon an examination of the parties' motions as well as extraneous material attached to the papers of both parties.

■ First, the defendant alleges that James Rosati, an agent of defendant corporation, was personally served in this action in Covington, Kentucky. Plaintiff does not contest this fact, but argues that application of the Federal Rules of Civil Procedure renders such service proper.

The flaw in plaintiff's argument has its genesis in Rule 4(f), Fed.R.Civ.P., which provides in pertinent part:

(f) *Territorial Limits of Effective Service.* All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.

As we read this subsection, the Federal Rules, as a general rule, limit effective service of process to the territorial limits of the state in which the district court sits. In order for extra-territorial (*i.e.*, out-of-state) service of process to be proper, such service must be authorized by a statute of the United States or by the Federal Rules. While we are aware of circumstances in

which the Federal Rules authorize extraterritorial service, we are aware of no federal statute that would apply in this case.

The Federal Rules specifically authorize extraterritorial service when provided for in a federal statute or by order of the Court. Fed.R.Civ.P. 4(e). The Rules also authorize extraterritorial service "[w]henever a statute or rule of court of the state in which the district court is held provides ... for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state ...." *Id.* Because the plaintiff effected personal service on the defendant's agent without the authorization of the Court or of a federal statute, any support for his position must come from Ohio Law.

Relevant provisions of the Ohio Rules of Civil Procedure read as follows:

*Rule 4.3 Process: out-of-state service*

(A) *When service permitted.* Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a non-resident of this state or is a resident of this state who is absent from this state.

....

(B) *Methods of service.*

....

(2) *Personal Service.* When ordered by a court a "person" as defined in subdivision (A) of this rule [including corporations] may be personally served with a copy of the process and complaint or other document to be served.

Ohio R.Civ.P., Rule 4.3(A), B(2)

We note that the Ohio Rules also impose a condition of Court authorization of extraterritorial service of process. As plaintiff proceeded with personal service without Court authorization, the Ohio Rules afford him no relief. Therefore, we reluctantly conclude that the personal service of process is ineffective and must be quashed.

We are sensitive to plaintiff's protestation that we are exalting form over substance, and that personal service is more likely to best serve the purposes of notice of the proceedings and affording the defendant an opportunity to be heard. However, in light of the rules, this is of no consequence. *See e.g., Bookout v. Beck,* 354 F.2d 823 (9th Cir.1965). The Federal Rules circumscribe the area in which valid service of process may be effected, and then, by express conditions, authorize service outside of that area. As long as the concept of territoriality remains the foundation of these rules, we feel constrained to quash any attempts at extra-territorial service of process that do not comport with the express conditions.

█ Secondly, we consider defendant's argument that the amount in controversy is insufficient to establish federal jurisdiction. The first amended complaint contains four claims for relief, the first relating to breach of an oral contract in which plaintiff seeks compensatory damages of $41,081.66, the second, for misappropriation of plaintiff's trade name and design concepts, and for injury to its professional reputation and commercial good will, and seeks $250,000 damages. The third count seeks $20,000 for breach of a written agreement, and the fourth count alleges that defendant acted "intentionally to deprive plaintiff of business" and defendant's conduct toward plaintiff was willful, wanton, malicious, and oppressive and seeks $250,000 punitive damages. We conclude that the amount in controversy, as alleged in the complaint, exceeds $10,000, exclusive of interest and costs.

█ Finally, we address the issue of whether the exercise of jurisdiction over this defendant violates due process of law. In this diversity action, we must consider this issue in the context of Ohio's long arm statute. Ohio Rules of Civil Procedure, Rule 4.3. "[T]he Ohio long arm statute is intended to extend the jurisdiction of its courts to the constitutional limits, at least with respect to the 'transaction of any business' provision." *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir.1980) (citing *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir.1972)). The United States

Supreme Court has defined the constitutional limits of jurisdiction over non-residents in terms of minimal contacts and traditional notions of fair play. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958). The Sixth Circuit has advanced a three-prong analysis for determining whether facts and circumstances provide sufficient contact between the forum state and a non-resident defendant to support *in personam* jurisdiction. This analysis has been stated as follows:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968) quoted in *Welsh,* 631 F.2d at 440.

Applying this analysis to the materials presented by the plaintiff reveals the following:

1. That agents of the defendant corporation maintained a business relationship with an Ohio based interior designer for nearly a year.

2. This business relationship was maintained through telephone calls and mail correspondence to and from Mr. Korb's office in Cincinnati, Ohio and through visits, on several occasions to Mr. Korb's Cincinnati, Ohio office.

3. That defendant's termination of the business relationship, as well as the alleged representations that plaintiff was handling the interior redesign affected plaintiff's business in Ohio.

Based on these facts, we conclude that sufficient minimum contacts exist between the defendant and Ohio to render the exercise of personal jurisdiction over the defendant in this Court reasonable. The defendant purposefully entered into a business relationship with an Ohio interior designer and there can be no doubt that the cause of action arose from that relationship. Finally, we think that the potential consequences for plaintiff's business in Ohio are sufficiently connected with the acts of the defendant so as to make exercise of jurisdiction over this defendant reasonable.

In accordance with the foregoing, the extraterritorial personal service of process on the agents of the defendant is hereby quashed. However, since proper service of process is anticipated, we retain the case. 5 C. Wright & A. Miller, *Fed. Practice and Procedure* § 1354 at 584–86 (1969). In addition, the defendant's motions to dismiss challenging the amount in controversy and challenging personal jurisdiction are hereby denied.

SO ORDERED.