**Jasper BOGGS, Plaintiff,**

v.

**George A. DARR, Defendant.**

**No. 84–4172.**

United States District Court,
D. Kansas.

June 28, 1984.

Schroer, Rice, Bryan & Lykins, Gene E. Schroer, Topeka, Kan., for plaintiff.

Steve Fabert, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a legal malpractice action based on diversity of citizenship jurisdiction. Plaintiff, a Kansas resident, contends that defendant, a Colorado resident, negligently failed to institute a lawsuit on his behalf. Plaintiff served the defendant by first class mail as provided by Fed.R.Civ.P. 4(c)(2)(C)(ii). This matter is presently before the court upon defendant's motion to dismiss or quash service of process.

The parties appear to agree that Kansas law does not allow service by mail under the circumstances of this case. The question presented here is as follows: Does Rule 4 allow individual defendants outside the forum state in diversity actions to be served by mail when the state does not allow such service?

Defendant recognizes that service by mail on individual defendants is authorized by Fed.R.Civ.P. 4(c). Defendant, however, argues that this provision is limited in its applicability to process served within the territorial limits of effective service as defined by Fed.R.Civ.P. 4(f). Defendant asserts that service upon individual defendants not found within the forum state is governed by state law. Thus, defendant contends that service here is governed by Kansas law which does not provide for service by mail under the circumstances of this case and therefore service on him must be quashed.

Plaintiff contends that Rule 4(c) overrules past precedent holding that state law governs the manner of serving out of state individual defendants. Plaintiff argues that Rule 4 now allows service by mail on individual defendants and thus service was proper here.

The court notes that neither party has provided the court with any authority on the issue presented here. The court's research has uncovered three cases on this question, *Chronister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464 (N.D.Ill. 1983); *San Miguel & Compania, Inc. v. International Harvester Export Co.*, 98 F.R.D. 572 (D.P.R.1983); and *William B. May Co., Inc. v. Hyatt*, 98 F.R.D. 569 (S.D. N.Y.1983). These cases reach differing results.

In *Chronister*, the court determined that new subdivision (c)(2)(C)(ii) to Rule 4 allowed service by mail without regard to state laws on the manner of service. The court rejected the defendant's argument that Rule 4(e) governed service of process on parties not found in the forum state and that this rule provided that service must be made in conformance with the forum state's rules.

In *William B. May* and *San Miguel*, the court concluded that new subdivision (c)(2)(C)(ii) did not allow service by mail on individuals and corporations outside the forum state. Both courts enforced the territorial restrictions on service appearing in Rules 4(e) and 4(f) because the new service-by-mail provision did not impliedly amend or supersede those restrictions.

After carefully considering this issue, we believe that the court in *Chronister* reached the correct result. We reach this conclusion based on our review of the history of Rule 4 and the helpful discussion

provided by Professor David D. Siegel in *Practice Commentaries on FRCP*, Fed. Rules Civ.Proc.Rule 4, 28 U.S.C.A., pp. 18–63 (1984 Supp.). In this article, Professor Siegel discusses the method of service in cases falling under subdivision (e) of Rule 4 as follows:

When a federal statute allows nationwide service and prescribes a method of service, its prescription governs. See, for example, 28 U.S.C.A. § 1391(e), permitting a certified mailing "beyond the territorial limits of the district" to defendants who are federal officials and agencies. Absent a prescribed method in the federal statute, the regular Rule 4 methods govern. The first sentence of subdivision (3) is clear on the point.

But the second sentence, adopting for federal use state longarm bases of extraterritorial jurisdiction, is not quite as clear in respect of method. It says that service in such cases "may .. be ... made in the manner prescribed in the [state] statute or rule". Some thoughtful decisions read this to mean that only the state method is available for service in these subdivision (e) cases; that Rule 4's own methods are not. See, e.g., *Davis v. Musler*, 713 F.2d 907 (2d Cir.1983).

This is an obvious but unfortunate reading of subdivision (e). The 1963 amendment of subdivision (3) sought to invoke state longarm jurisdiction so as to lift state lines and expand the territorial reach of the federal summons. Basis—amenability to jurisdiction—was its aim, not method of service. However that be, the language chosen can be read to mandate the use of state service methods as well, and it has been so read by several courts.

The absence, since the 1963 amendment of subdivision (e), of any uniquely popular method in Rule 4 making it substantially more attractive than what might be found in state law, probably accounts for the seemingly few cases on this point. But with the 1983 addition of simple mail service introduced in subdivision (c)(2)(C)(ii), Rule 4 does have a tempting gift. Some courts, however,

like *William B. May Co. v. Hyatt*, 98 FRD 569 (SD NY 1983), say that it is not available to a plaintiff relying on state longarm jurisdiction under subdivision (e); that only a state method may be used in such a case. That view is not universal, however. *Chronister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464 (ND Ill.1983), for example, seems to take a different sounding, holding subdivision (c)(2)(C)(ii) mail service available through state law be the source of the jurisdictional basis (in *Chronister*, the corporate presence doctrine, however, not longarm jurisdiction).

A court disposed to allow the federal methods of Rule 4 to be invoked in such cases can perhaps draw some support from the verb used by subdivision (e), which says that service "may" be made pursuant to state law. If what was clearly the 1963 amendment's purpose— to affect geography, not mechanics—is given the upper hand, subdivision (e) would be construed to touch basis without restricting method. Indeed, since the alternatives of state service lie elsewhere in Rule 4, mainly in subdivision (c)(2)(C)(i) in respect of individuals and businesses, and would through that provision be applicable in subdivision (e) cases, the subdivision's invoking of state methods is in a sense superfluous.

*Id.*, at pp. 49–50.

The court is in agreement with Professor Siegel that the 1963 amendments to subdivision (e) of Rule 4 were intended to affect the territorial reach of federal service of process, not the method of service. With this in mind, we believe that service by mail under Rule 4(c)(2)(C)(ii) is now proper under the federal rules. Amenability to jurisdiction continues to be governed by the state longarm statute in cases such as the instant one but method of service shall be governed by the Rule 4(c)(2)(C). Therefore, we find that service was proper in this case and we must deny defendant's motion to dismiss or to quash service of process.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or to quash service of process be hereby denied.