**RENO DISTRIBUTORS, INC., Plaintiff,**

v.

**WEST TEXAS OIL FIELD EQUIP-MENT, INC. and George T. Humphrey, Defendants.**

Civ. A. No. 84–2324.

United States District Court, D. Kansas.

March 26, 1985.

Robert B. Sullivan, Steven C. Willman, Sullivan, Bodney & Hammond, Overland Park, Kan., for plaintiff.

Charles Dick Harris, Young & Harris, Abilene, Tex., Kristen G. Stroehmann, Barnett & Ross, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion to assess costs resulting from personal service and plaintiff's motion to strike the answer of defendants West Texas Oil Field Equipment, Inc., and Humphrey.

We will first address plaintiff's motion to assess costs resulting from personal service. Plaintiff attempted to serve defendants by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). This attempt was unsuccessful and plaintiff then obtained personal service of process on them. Rule 4(c)(2)(D) provides that if a defendant served pursuant to 4(c)(2)(C)(ii) does not complete and return the notice and acknowledgment of receipt of summons within twenty days, "[u]nless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served." It is this provision that plaintiff seeks to enforce.

Plaintiff can recover costs of service under Rule 4(c)(2)(D) only if service was properly available under Rule 4(c)(2)(C)(ii). This is a diversity action and plaintiff asserts jurisdiction over these defendants pursuant to the Kansas long-arm statute, K.S.A. 60–308. Fed.R.Civ.P. 4(f) provides that "process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state." There is no applicable federal statute that would allow service of process outside the state in this case. Therefore, in order to obtain service beyond the territorial limits of the court, there must be authorization in "these rules." Rule 4(e) provides for service of process on defendants who are not inhab-

itants of or found within the state. In pertinent part it states:

> Whenever a statute or rule of court of the state in which the district is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the [state] statute or rule.

Clearly, service by mail is not a "manner" of service provided by the Kansas statute in this situation. K.S.A. 60–307, –308.

█ We have previously held in *Collier v. Equip. Service Co. d/b/a Serv. Equip., Inc.,* No. 83–2122 (D.Kan., *unpublished,* 12/16/83), that service by mail pursuant to 4(c)(2)(C)(ii) is not available for out-of-state service on parties who are neither inhabitants of nor found within the state. That holding would be dispositive of this issue. In light of contrary authority in the district, however, we take this opportunity to reexamine that holding. Such reexamination confirms our earlier conclusion.

In *Collier* we followed *William B. May Co. v. Hyatt,* 98 F.R.D. 569 (S.D.N.Y.1983), and *San Miguel & Co., Inc. v. International Harvester Export Co.,* 98 F.R.D. 572, 573 (D.P.R.1983). The opposite result had been reached in *Chronister v. Sam Tanksley Trucking, Inc.,* 569 F.Supp. 464 (N.D.Ill.1983). Judge Rogers has since followed the *Chronister* decision in two cases: *Boggs v. Darr,* 103 F.R.D. 526 (D.Kan. 1984), and *Smith v. Bache Halsey Stuart Shields, Inc.,* No. 84–4017 (D.Kan., *unpublished,* 10/16/84). The *Chronister* court, however, has since reconsidered its decision. In an unpublished order of December 5, 1983, the court held that service by mail pursuant to 4(c)(2)(C)(ii) is *not* available for extraterritorial service. That reconsidered decision has since been followed by the

same court. *Epstein v. Wilder,* 596 F.Supp. 793, 797 (N.D.Ill.1984). Aside from *Chronister,* no other reported decision expressly holds that 4(c)(2)(C)(ii) is available for extraterritorial service.

Judge Rogers relied heavily on the comments of Professor Siegel contained in Practice Commentaries on FRCP Rule 4, 28 U.S.C.A., pp. 18, 49–50 (Supp.1984). Professor Siegel expressed the view that when Rule 4(e) was amended in 1963 to allow use of state long-arm statutes for extraterritorial service, it was directed to basis of jurisdiction, rather than method of service, and that methods of service contained in Rule 4 itself were also available under Rule 4(e). However, the rule states that when a state long-arm statute is relied on, service "may ... be ... made in the manner prescribed in the [state] statute or rule." The courts have consistently held that this means that *only* the state method of service is available. *Davis v. Musler,* 713 F.2d 907 (2d Cir.1983); *Bookout v. Beck,* 354 F.2d 823, 824 (9th Cir.1965); *Korb v. P.F.R. Corp.,* 101 F.R.D. 56, 58 (S.D.Ohio 1984); *Merz v. Hemmerle,* 90 F.R.D. 566, 568 n. 4 (E.D.N.Y.1981); *Lisowski v. Schaack,* 71 F.R.D. 570, 572 (E.D.Wis. 1976); *Tri-County State Bank v. Hertz,* 418 F.Supp. 332, 344 (M.D.Pa.1976); *Zarcone v. Condie,* 62 F.R.D. 563, 566 (S.D.N. Y.1974); *Chilcote v. Shertzer,* 372 F.Supp. 86, 87 (E.D.Wis.1974); *Peterson v. Dickison,* 334 F.Supp. 551, 554 (W.D.Pa.1971); *Davis v. Gahan,* 227 F.Supp. 867, 871 (S.D. N.Y.1964); *see also* 28 Fed.Proc., L.Ed. § 65:104 (1984); 2 Moore's Federal Practice ¶ 4.32[2] (2d ed. 1984). Therefore, service by mail would be similarly unavailable outside the territorial limits provided in Rule 4(f) unless Congress intended to exempt 4(c)(2)(C)(ii) from the restrictions of 4(f) when it enacted the 1983 amendments.[1]

---

**1.** The Federal Rules of Civil Procedure are usually amended by the process established in the Rules Enabling Act, 28 U.S.C. § 2072. The Act provides that the Supreme Court can propose new rules of "practice and procedure" and amendments to existing rules by transmitting them to Congress after the start of a regular

session, but not later than May 1. The rules and amendments so proposed take effect 90 days after transmittal unless legislation to the contrary is enacted. On April 28, 1982, the Supreme Court transmitted several proposed amendments to the Federal Rules of Civil Procedure, including Rule 4, to Congress. As a result

■ The intent of Congress in amending Rule 4 is clear. "The amendments to Rule 4 of the Federal Rules of Civil Procedure were intended primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions." Statement by Congressman Edwards of the House Committee on the Judiciary, 128 Cong.Rec. H9848, _____ (daily ed. Dec. 15, 1982), *reprinted in* 1982 U.S. Code Cong. & Ad.News 4434, 4437, *and* 96 F.R.D. 116, 117. Similar statements appear throughout the legislative history of these amendments. There is nothing to indicate an intent on the part of Congress to make mail service under 4(c)(2)(C)(ii) available on an extraterritorial basis. In the absence of legislative intent to the contrary, we must conclude that 4(c)(2)(C)(ii) is subject to the territorial limits contained in 4(f). Because service by mail under 4(c)(2)(C)(ii) could not be used to serve defendants in this case, plaintiff is not entitled to costs for personal service pursuant to Rule 4(c)(2)(D).

■ Even if Rule 4(c)(2)(C)(ii) could have been used in this case, plaintiff would not be entitled to costs for personal service. Plaintiff makes the following allegations. It first attempted to serve defendants by mail pursuant to Rule 4(c)(2)(C)(ii) on August 14, 1984. Process was mailed to South 23rd and Barrow, Abilene, Texas 79605. The envelope was returned to plaintiff marked "insufficient address." Plaintiff contacted defendants to obtain the correct mailing address and again attempted service on August 25, 1984, by mailing to Post Office Box 3619, Abilene, Texas 79605. The envelope was returned marked "not deliverable as addressed" and was also marked with a handwritten statement "opened in error—not at this box number." Plaintiff thereafter obtained personal ser-

vice of process on defendants. Plaintiff asserts that defendants did indeed receive the summons and complaint and that they made the handwritten notations on the outside of the envelope.

Defendants on the other hand maintain that they never received the summons and complaint by mail. Plaintiff has not filed the envelopes that contain the return stamps and the alleged handwritten statements. Plaintiff has presented no evidence to support its contention that defendants opened the second envelope and then returned it. The court would be indulging in sheer speculation to conclude that defendants engaged in the devious activity alleged. It would be equally plausible to assume that plaintiff incorrectly addressed the envelopes or that the post office improperly delivered the envelopes. Because there has been no showing that defendants actually received the summons and complaint by mail, we could not order defendants to pay the costs of personal service.

■ Defendants have filed a motion requesting leave to file their answer out of time. Defendants attempted to timely file an answer, but because they had failed to associate with local counsel pursuant to our local rules, the clerk did not accept the answer for filing. Upon learning of the local rule, defendants' counsel obtained local counsel and an answer was then filed on November 28, 1984. Defendants' motion for leave to file their answer out of time is hereby granted.

Because of our disposition of defendants' motion for leave to file their answer out of time, plaintiff's motion to strike the answer is moot.

IT IS THEREFORE ORDERED that plaintiff's motion to assess costs against defendants is denied. IT IS FURTHER

of numerous criticisms received by the Committee on Rules of Practice and Procedure regarding the proposed amendments to Rule 4, Congress enacted Public Law 97–227, postponing the effective date of the proposed Rule 4 amendments until October 1, 1983. In response to the various complaints, Congress drafted its own amendments to Rule 4. Congress enacted these

amendments to Rule 4 in Public Law 97–462 on December 21, 1982. The amendments became effective 45 days after January 12, 1983.

Because the 1983 amendments to Rule 4 were enacted by Congress, rather than through the customary procedure of proposal by the Supreme Court, we do not have the benefit of any Advisory Committee Notes.

ORDERED that defendants' motion for leave to file their answer out of time is granted. IT IS FURTHER ORDERED that plaintiff's motion to strike the answer is denied as moot.