UNITED STATES of America, Plaintiff,

v.

CHARLES GEORGE TRUCKING COMPANY, INC., et al., Defendants.

Civ. A. No. 85–2463–G.

United States District Court, D. Massachusetts.

Jan. 14, 1986.

Samuel L. Silverman, Asst. U.S. Atty., Joseph J. McGovern, Dept. of Justice, Environmental Enforcement Section Washington, D.C., for plaintiff.

Anne Rogers, Margaret E. Sheehan, Asst. Atty. Gen., Environmental Prot. Div., Boston, Mass., for Com. of Mass.

William F. Macauley, Craig & Macauley, Boston, Mass., for defendants.

Bruce F. Smith, Boston, Mass., for Charles George Sr., Charles George Trucking Co.

Richard E. Bachman, Hale, Sanderson, Byrnes & Morto, Boston, Mass., for Dorothy George, Dorothy Lacerte.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT IN PART AND DENYING DEFENDANTS' MOTION TO DISMISS

GARRITY, District Judge.

The United States commenced this action on behalf of the Environmental Protection Agency ("EPA") against the defendants for their involvement with the Charles George Land Reclamation Trust landfill ("Charles George landfill"), a hazardous waste dump in northeastern Massachusetts. Relief is sought pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* The matter now comes before the court upon the government's motion for summary judgment against defendants Charles George, Sr. ("Charles George") and Dorothy George [1] with respect to the Fourth Claim for Relief of its complaint. That claim, which is also the subject of the two defendants' motion to dismiss,[2] seeks an

1. The government's motion with respect to three other defendants named in its complaint, James George, Charles George, Jr., and Karen Karras, has been stayed pursuant to a stipulation between the parties.

2. The defendants' motion to dismiss was based on the alleged failure of the United States to give notice to the Commonwealth of Massachusetts of the commencement of this action, as required by statute. However, through its submissions, the government established, and defendants conceded at the December 23, 1985 hearing before this court, that such notice was given.

injunction ordering the defendants to answer EPA information requests and the imposition of civil penalties for their previous failure to do so.

The following facts are undisputed. On February 4, 1985, Charles George and Dorothy George each received a letter from the Director of the Waste Management Division in EPA's Boston office requesting information about the Charles George landfill. The letter contained 26 questions; it informed the defendants of the statutory authority upon which the requests were based and that a failure to furnish the information within thirty days without adequate justification could result in an enforcement action by the EPA and the subsequent imposition of civil penalties. Although defendants' counsel indicated that the defendants would respond by May 5, 1985, the EPA has yet to receive such a response.

In support of its motion for partial summary judgment the government contends that the defendants violated both RCRA and CERCLA by failing to respond. The two statutes require that persons who have handled hazardous wastes in some manner provide information relating to those wastes upon the request of a duly designated representative of the EPA or the president. See RCRA, 42 U.S.C. § 6927(a) and CERCLA, 42 U.S.C. § 9604(e)(1). Moreover, RCRA provides that any person who violates one of its requirements is liable to the United States for a civil penalty of up to $25,000 per day for each violation. 42 U.S.C. § 6928(g).

The defendants oppose the motion for summary judgment on three grounds. First, they argue that the government exhibits which offered to prove that Charles George and Dorothy George have handled hazardous waste have not been properly authenticated as required by Fed.R.Civ.P. Rule 56(e). In response to this challenge, however, the government has submitted certified copies of the public documents previously filed and the affidavits of the custodians of records to authenticate other exhibits. These supplemental filings are sufficient to cure any defects that may have originally existed. See *Chronister v. Sam Tanksley Trucking Inc.*, N.D.Ill.1983, 569 F.Supp. 464. The government's exhibits and Charles George's answers to the government's interrogatories and requests for admissions demonstrate that between 1971 and 1979 the two defendants were trustees of the Charles George landfill with the authority to operate and maintain the landfill; that between 1973 and 1976 Charles George applied for hazardous waste collection and disposal licenses; that Charles George was president, treasurer and a director of Charles George Trucking Company, Inc., a company which hauled hazardous waste; and that Dorothy George was also a director of that company. In sum, the government has demonstrated that no genuine issue of fact exists as to whether these defendants handled hazardous substances.

The defendants also challenge the government's motion for summary judgment on the ground that neither RCRA nor CERCLA require that the defendants disclose certain of the information requested by the EPA. The defendants do not contest that they are required to answer the ten EPA information requests which seek descriptions of the hazardous substances dumped at the landfill and of the manner in which such substances were handled. However, they note that the EPA also seeks information about the preparation of answers to its letters (requests 3, 4), transactions with customers (requests 5, 6, 19, 25, 26), the individual defendant's role in the Charles George landfill and Charles George Trucking Company (requests 16, 18) and the finances of the two companies (requests 15, 17, 20, 21, 22, 23, 24). The defendants argue that these 16 requests do not concern "information relating to" hazardous waste within the meaning of RCRA, 42 U.S.C. § 6927(a), or CERCLA, 42 U.S.C. § 6904(e)(1).

The court finds that the defendants' interpretation of these two provisions is too restrictive. The plain language indicates that the EPA's requests need not be

confined solely to descriptions of hazardous waste; the information requested must somehow *relate to* these substances. Clearly, information concerning who shipped or delivered hazardous substances to the landfill (requests 5, 6, 19, 25, 26)[3] pertain to those substances; such information will not only assist the EPA in ascertaining the nature of the substances dumped, it will also help the EPA identify other sources of information regarding these substances. Similarly, information regarding the defendant's role in handling the substances involved (requests 16, 18) and how that defendant prepared his or her answers (requests 3, 4) relates to hazardous waste in that it allows the EPA to assess and identify the source of the individual's knowledge regarding these substances.

However, the court also finds that the EPA requests regarding the finances and insurance coverage of the landfill and the trucking company (requests 15, 17, 20, 21, 22, 23, 24) are not related to hazardous substances. The government argues that RCRA and CERCLA authorize the EPA to gather information for the purpose of enforcing the provisions of the two acts and therefore that "information relating to" must be given a construction consistent with the broad purposes of these statutes. Whatever these purposes, however, the information sought must somehow pertain to hazardous substances. See *Outboard Marine Corp. v. Thomas,* 7 Cir.1985, 773 F.2d 883. Although information about assets and insurance coverage may assist the EPA in a CERCLA cost recovery action, it in no way informs the EPA about the hazardous substances involved. Consequently, the defendants were not required to answer these requests.

■ Finally, the two defendants oppose the government's motion for summary judgment with respect to the imposition of a civil penalty. They argue that the RCRA provision which imposes civil penalties for violations of the Act, 42 U.S.C. § 6928(g), is not applicable to their failure to respond to EPA's information requests. Although the defendants cite legislative history indicating that § 6928 sought to address the problem of "midnight dumping", there is nothing to demonstrate that Congress intended to limit § 6928 to that purpose. According to the plain language of the section, § 6928 applies to "any requirement" of RCRA. Since EPA's request for information was made pursuant to 42 U.S.C. § 6927(a), the failure to respond to that request was a violation of a RCRA requirement for which the defendants are liable under § 6928. See *United States v. Liviola,* N.D.Ohio 1985, 605 F.Supp. 96.

■ The defendants also argue that if they are subject to a civil penalty, this penalty should not be allowed to accrue prior to some type of hearing. They contend that the accrual of a penalty without a hearing violates their Fourth Amendment freedom from unreasonable searches and their Fifth Amendment right to procedural due process. The court disagrees. Responses to EPA's requests for information are voluntary until enforced by the court; although these requests are accompanied by a notice that fines may accrue for noncompliance, such fines are not imposed until ordered by the court. Since the defendants are not compelled to disclose information except by court order, their Fourth Amendment rights have been adequately protected. See *United States v. Tivian Laboratories, Inc.,* 1 Cir.1978, 589 F.2d 49. With respect to their Fifth Amendment claim, the defendants argue that the accrual of a penalty effectively deprives them of their right to challenge the validity of EPA's requests. However, EPA's letter provided the defendants with an opportunity to justify their failure to respond before any penalty would accrue. Cf. *Aminoil,*

---

**3.** The court agrees with defendants' contention, however, that requests 25 and 26 may be overbroad. Accordingly, the defendants are directed to furnish the documents sought by these requests only to the extent such documents pertain to transactions involving hazardous substances.

*Inc. v. EPA,* C.D.Cal.1984, 599 F.Supp. 69.[4] Having failed to take advantage of this opportunity, the defendants are estopped from now arguing that they were deprived of a meaningful opportunity to be heard.

Wherefore, the defendants' motion to dismiss is ordered denied. The government's motion for partial summary judgment is ordered granted in part. Defendants Charles George, Sr. and Dorothy George have violated 42 U.S.C. §§ 6927(a) and 9604(e)(1) and are liable for civil penalties under 42 U.S.C. § 6928(g). They are hereby ordered to respond to all requests for information set forth in the EPA's January 18, 1985 letter except for requests 15, 17, 20, 21, 22, 23 and 24.

---

**4.** The court also notes that *Aminoil,* a case upon which the defendants rely heavily, involved a potential erroneous deprivation of property not present here. In *Aminoil,* the defendants were forced to choose between complying with a cost-ly administrative order or risk the accrual of fines. In the instant case, compliance with EPA's requests involved no deprivation of property of any magnitude.