**Daniel C. RICHMOND, Plaintiff,**

**v.**

**Irene R. SMITH, a/k/a, Irene R. Richmond; Black & White Corporations 1 thru V, corporations; Able & Baker Companies 1 thru V, partnerships; John & Jane Does 1 thru V, individuals, Defendants.**

No. CV–N–86–434–ECR.

United States District Court, D. Nevada.

May 22, 1989.

Daniel C. Richmond, Carson City, Nev., in pro per.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

On September 10, 1986, plaintiff Daniel C. Richmond filed this diversity action, *pro se*. Plaintiff is incarcerated at the Nevada State Prison, and is proceeding *in forma*

*pauperis* (document # 2). In his complaint, plaintiff alleges that the defendants "have illegally converted the Plaintiff's personal Property to their own use and gain." Complaint, page 1 (document # 1). The gravaman of the complaint is that plaintiff's ex-wife, Irene R. Smith, aka Irene R. Richmond, has failed to return to plaintiff certain personal property belonging to plaintiff, as ordered in their divorce decree which was entered March 7, 1983, by the First Judicial District Court of the State of Nevada in and for Carson City. *See* Decree of Divorce, Exhibit C to Complaint.

On February 26, 1988, the Clerk of Court entered a Default against defendant Irene R. Smith, for her failure to plead or otherwise defend in the present action (document # 11). Plaintiff thereafter filed a Request to the Clerk for Default Judgment (document # 13). Plaintiff requests that judgment in the sum of $376,150.00, plus interest, be entered against defendant Irene R. Smith.

The matter was referred to Magistrate Phyllis Halsey Atkins (document # 14), and on January 24, 1989, she filed her Report and Recommendation (document # 15). The Magistrate recommended that we deny plaintiff's pending motion for default judgment (document # 13). We hereby adopt the Magistrate's recommendation, for the reasons hereinafter set forth.

## 1. SUBJECT MATTER JURISDICTION

■ Federal courts are courts of limited jurisdiction. Therefore, any party seeking to avail itself of the jurisdiction of a federal court must affirmatively support the allegation that jurisdiction lies. Without such an affirmative showing, the presumption is that the federal court is without jurisdiction. *Grace v. Am. Cent. Ins. Co.,* 109 U.S. 278, 283, 3 S.Ct. 207, 209, 27 L.Ed. 932 (1883).

Failure to make a complete and affirmative showing that diversity jurisdiction exists relegates a litigant to "jurisdiction purgatory," as described by Chief Justice Hughes in *McNutt v. Gen. Motors Accept-*

*ance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936):

> The prerequisites to the exercise of jurisdiction are specifically defined * * * They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing.

■ Using this framework to evaluate plaintiff's complaint, we find that plaintiff has not sufficiently shown the existence of diversity jurisdiction in this Court. Plaintiff has named several defendants whose true names and identities are unknown. The presence of these fictitious defendants defeats diversity. *Garter–Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir.1980), *cert. denied,* 469 U.S. 980, 105 S.Ct. 381, 83 L.Ed.2d 316 (1984); *Fifty Associates v. Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir.1970); *Molnar v. Nat'l Broadcasting Co.,* 231 F.2d 684 (9th Cir. 1956). Plaintiff will therefore be given leave to amend his complaint to dismiss the fictitious defendants (i.e., Black & White Corporations 1–5, Able & Baker Companies 1–5, partnerships, and John and Jane Does 1–5). In the alternative, plaintiff shall be required to make an affirmative showing that *none* of the fictitious defendants is a Nevada resident. This must be shown by more than mere conclusory pleading. *See Molnar,* 231 F.2d at 687. If plaintiff is unable to show that the fictitious defendants do not defeat diversity, they must be dismissed. Without such dismissal, this Court has no jurisdiction over plaintiff's case.

## 2. DEFAULT JUDGMENT

■ Plaintiff's request that the Clerk of Court enter default judgment against defendant Irene R. Smith is misdirected. According to Fed.R.Civ.P. 55(b)(1), the Clerk is authorized to enter default judgment only when "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." Plaintiff has indeed requested a certain sum, but this is not to say that his

request for $376,150.00 is a "sum certain." The Court has no way of knowing how this sum was calculated. In order to determine the value of the property plaintiff seeks to recover, an evidentiary hearing would need to be held. Such a hearing is authorized by Fed.R.Civ.P. 55(b)(2), after which plaintiff may request that default judgment be entered by the Court.

3. SERVICE OF PROCESS

Our personal jurisdiction over defendant Irene R. Smith is based on Nevada's Long Arm Statute, NRS § 14.065 (1986). Under that section, nonresidents of Nevada are subject to the personal jurisdiction of Nevada state courts if, among other things, they "liv[e] in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for ... property settlement, if the other party to the marital relationship continues to reside in this state...."

The record before us is clear that plaintiff and defendant lived as a married couple in Las Vegas, Nevada, for a number of years. Defendant apparently moved to California sometime after plaintiff's incarceration at NSP. Plaintiff remains a resident of Nevada. Therefore, the statutory requirements have been met, and defendant Irene R. Smith is properly subject to our jurisdiction.

■ Having determined that defendant is subject to personal jurisdiction here, we next must determine whether defendant was properly served with the summons and complaint.

Process was ordered served by the United States Marshal, pursuant to Fed.R.Civ.P. 4(c)(2)(B)(i). On September 25, 1986, the Marshals Service served the summons and complaint by mail on defendant Irene R. Smith, at an address plaintiff supplied as her place of employment on the U.S.M. 285 form. An acknowledgment of receipt of the summons and complaint, signed "Smith" and dated October 6, 1986, was received and filed on October 27, 1986 (document # 5).

The service by mail was made pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). This rule provides, in relevant part, that "a summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule ... (ii) by mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served...." Paragraphs (1) and (3) of subdivision (d) refer to "individuals other than an infant or an incompetent person" and a "domestic or foreign corporation," respectively. The Rule further provides for alternative means of service if no acknowledgment of service is received within twenty days after the day of mailing.

Because defendant Smith was outside the territorial jurisdiction of this Court when service was made, the issue presented is whether service by mail upon a nonresident defendant is proper, when jurisdiction is premised upon the state long arm statute. Ninth Circuit law is silent on this issue, but we are able to obtain guidance from the consideration given this issue by other circuits.

Both the Second and the Fifth Circuits have explicitly held that service by mail, in the manner prescribed by Rule 4(c)(2)(C)(ii), is an adequate and proper way for a federal court to achieve jurisdiction, even if state law does not permit service by mail, or permits it in a different manner. *See Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390 (5th Cir.1986); *Morse v. Elmira Country Club*, 752 F.2d 35 (2nd Cir.1984). Several district courts have reached this same conclusion, e.g., *A.I.M. Intern. Inc. v. Battenfeld Extrusions Systems*, 116 F.R.D. 633, 637 (M.D.Ga.1987) (Rule 4(e) being permissive, plaintiffs may utilize either federal or state methods to serve nonresident defendants); *Scarton v. Charles*, 115 F.R.D. 567, 571 (E.D.Mich. 1987) (relying on legislative history, court finds that Rule 4(c)(2)(C)(ii) authorizes service of process by mail upon nonresident defendants without regard to relevant state law); *Boggs v. Darr*, 103 F.R.D. 526 (D.Kan.1984) (though amenability to jurisdiction continues to be governed by state long arm statutes, method of service shall be governed by Rule 4(c)(2)(C)(ii)); *Chron-*

*ister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464, 469 (N.D.Ill.1983) (after February 26, 1983, amendment to Rule 4, federal courts no longer dependent on the forum state's rules regarding service of process). *But see Reno Distrib. v. West Texas Oil Field Equip., Inc.*, 105 F.R.D. 511 (D.Kan.1985) (service by mail under Rule 4(c)(2)(C)(ii) subject to the territorial limits imposed by Rule 4(f)); *Epstein v. Wilder*, 596 F.Supp. 793, 797 (N.D.Ill.1984) (service not authorized by forum state rules cannot be used for extraterritorial service, because Rule 4(c)(2)(C)(ii) did not supercede Rule 4(e)); *Chronister v. Sam Tanksley Trucking, Inc.*, 109 F.R.D. 1 (N.D.Ill.1983) (on motion for reconsideration, court held defendant must be personally served in accordance with Illinois law, notwithstanding the provisions for mail by service contained in the Federal Rules).

We join the Second and Fifth Circuits in holding that service by mail, pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), is a proper means of serving a nonresident defendant, notwithstanding the provisions of state law. We believe the legislative history of Rule 4 supports this conclusion. Reprinted as Appendix A to *Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 116 (1983), the legislative history "establishes that service by mail was a means contemplated by Congress to alleviate the burden on the Marshals Service of serving process in private actions." *A.I.M. Intern.*, 116 F.R.D. at 636. Congress stated that:

> H.R. 7154 carries forward the policy of the current rule and *permits* a party to serve a summons and complaint upon individuals and organizations described in Rule 4(d)(1) and (3) in accordance with

the law of the state in which the district court sits. Thus, the bill authorizes four methods of serving a summons and complaint on such defendants: (1) service by a nonparty adult (Rule 4(c)(2)(A)); (2) service by personnel of the Marshals Service, if the party qualifies . . .; (3) service in any manner authorized by the law of the state in which the district court is held (Rule 4(c)(2)(C)(i)); *or* (4) service by regular mail with a notice and acknowledgment of receipt form enclosed (Rule 4(c)(2)(C)(ii)).

*Service Under Amended Rule 4*, 96 F.R.D. at 119 (emphasis in original).

Having determined that Rule 4(c)(2)(C)(ii) authorizes service of process upon nonresident defendants without regard to state law, we find that plaintiff's service on defendant Irene R. Smith is proper. Plaintiff complied with the requirements of the rule, and defendant Smith returned the acknowledgment of receipt.* Therefore, defendant Smith is properly subject to the personal jurisdiction of this Court. *See Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir.1985).

IT IS, THEREFORE, HEREBY ORDERED that plaintiff shall have twenty (20) days within which to move this Court for dismissal of all fictitious defendants, or otherwise show that those defendants do not defeat diversity jurisdiction.

IT IS FURTHER ORDERED that plaintiff shall have fifteen (15) days thereafter within which to request a hearing before this Court pursuant to Fed.R.Civ.P. 55(b)(2) for purposes of determining the value of any property to which plaintiff is entitled. Contemporaneous with such motion, plaintiff may move this Court to enter default judgment against defendant Irene R. Smith.

---

* Although the acknowledgment was received more than twenty days after it was sent, we will not vitiate the service of process due to defendant's dilatory response. *See A.I.M. Intern.*, 116 F.R.D. at 637. Defendant did return the acknowledgment, and presumably has actual notice of the claims against her. We will not allow technical noncompliance with the twenty-day time period to defeat service. Indeed, several courts have recognized an "equitable exception" to the twenty-day receipt requirement and deemed service effective although acknowledgment was never returned at all, where the defendant was shown to have manipulated the rule after actual receipt of summons and complaint. *See Morse*, 752 F.2d at 39; *Perkins Elmer v. Trans Mediterranean Airways, S.A.L.*, 107 F.R.D. 55, 58–59 (E.D.N.Y.1985). Although we need not go so far, we do find that a tardy return of acknowledgment will satisfy the requirements of Rule 4(c)(2)(C)(ii).